(91 Misc. Rep. 19)

## LAWRENCE v. GOODSTEIN.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. LANDLORD AND TENANT ☞22—"LEASE"—ESSENTIALS.

　　A simple agreement to make a lease for a definite time, but not in præsenti, nor stating when the term begins or ends, or how the rent is to be paid, and not signed by the tenant, does not constitute a "lease" of the property described therein.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. ☞22.

　　For other definitions, see Words and Phrases, First and Second Series, Lease.]

2. LANDLORD AND TENANT ☞114, 118, 119, 120—"TENANT AT WILL" AND "AT SUFFERANCE"—CREATION—"TENANT FROM YEAR TO YEAR."

　　Where a tenant stayed over the term for which he had paid rent under a written agreement for a 5-year lease, he became a tenant at will or at sufferance, entitled to 30 days' notice to quit, and was not a tenant from year to year.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 373–381, 402–426, 428–433; Dec. Dig. ☞114, 118, 119, 120.

　　For other definitions, see Words and Phrases, First and Second Series, Tenant at Will; Tenant at Sufferance; Tenant from Year to Year.]

3. FRAUDS, STATUTE OF ☞116—LEASES—AUTHORITY OF AGENT.

　　An agent, who has no written authority to act as such, cannot make a 5-year lease, binding upon his principal as landlord.

　　[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 251–260; Dec. Dig. ☞116.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Gustavus L. Lawrence against Joseph Goodstein. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Hymas & Schaap, of New York City (Michael Schaap and Edward Hymes, both of New York City, of counsel), for appellant.

Morris & Samuel Meyers, of New York City (Samuel Meyers and Henry Swartz, both of New York City, of counsel), for respondent.

GUY, J. Upon the trial of this case the facts were undisputed, and at the close of the evidence the justice directed a verdict in favor of the tenant.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petition here was made by one Lucker, and set forth that Lawrence, the landlord, owned the premises; that Lucker, as his agent, entered into an agreement for a lease with the defendant on May 15, 1914, by the terms of which the landlord rented the premises to Goodstein, the tenant, for a term commencing on or about May 15, 1914 (conceded on the trial to be May 7, 1914), and ending on August 1, 1914, and that a lease in writing should be made between the landlord and the tenant, which should contain the usual covenants for a term of 5 years, commencing on July 1, 1914; that the tenant entered into possession; that the landlord, on May 22, 1914, executed the lease, which was delivered to the tenant, who refused to execute the same; that 30 days' notice to quit and surrender the premises had been given; that the tenant's term had expired; and that he held over and continued to occupy without permission.

The answer denied the petition, except that it admitted the relation of landlord and tenant, and for a separate defense alleged that the tenant was in possession "under a lease entered into between the parties, and that the term of the lease had not expired." The defendant's exhibit relied on by him as a lease is as follows:

"I agree to let to Mr. Joseph Goodstein the west half of store 356 West 125th street for 5 years at a rental of $1,200 for first year, $1,200 for the second year, $1,300 for third year, $1,400 for fourth year, $1,500 for fifth year. If candy man takes rear as agreed, the rent is to be paid $100 per year less—rear to be 7 feet wide. Rent paid to July 31, 1914.
                              "G. L. Lawrence, per A. Lucker."

The tenant produced the proposed lease submitted to him by plaintiff, and admitted that he had declined to sign it. He called no witnesses, and the landlord was precluded by the ruling of the court from showing any conversations between Lucker and the defendant leading up to the making of his agreement, upon the ground that such conversations were "merged in the terms of the instrument now in evidence."

[1] It is perfectly clear that the written instrument offered by the tenant does not constitute a lease for five years. It is simply an agreement to make a lease and a letting of the premises to defendant from the time it was made until July 31, 1914, for the sum of $100. The words of the writing are not in præsenti. The only fixed term therein is for five years, but when the term begins or ends, or how the rent is to be paid, are not stated. It is not even signed by the tenant, and many essential elements of a lease are lacking. In Sherry v. Proal, 131 App. Div. 774, 116 N. Y. Supp. 234, Mr. Justice Scott, writing the opinion, said:

"The rule * * * is well established, and often enforced, that in a case wherein, under the statute of frauds, a tenancy can lawfully be created by parol, and the parties have orally agreed upon all the terms, nothing being left to be done except to put them in writing, the letting will be deemed to be complete, although the stipulated written lease should never be executed. This well-recognized rule is, however, to be applied with caution, and is never applied unless it clearly appears that every material term of the contract was in fact agreed to, and that nothing remained for future negotiations and agreement."

Applying this rule to the case at bar, it is idle to claim that the defendant herein had a valid subsisting 5-year lease of the premises, the term to begin on July 31st.

[2] The respondent claims:

"If it is an invalid or void lease for any reason, and this is by no means conceded, it is the contention of the respondent that since the tenant entered into possession of the premises with the consent of the landlord, and paid rent according to the terms of the agreement, and since the agreement provides for an annual rental, that there is an implied tenancy from year to year, which would be from May 7, 1914, when the tenant concededly entered into possession, to May 7, 1915, or that he was nothing less in any event than a tenant at will, and under such circumstances, since the property was located in the city of New York, that he became a tenant for an indefinite term by virtue of section 232 of the Real Property Law, and that his term therefore did not terminate until the 1st day of May next after his possession commenced under the agreement."

This point was not raised in the court below, and we would not now consider it, except, as there must be a new trial, the respondent should not be allowed to cloud the issue. The legal effect of the written instrument under which defendant entered into possession of the premises is that he had a right of occupancy thereunder for a definite term —that is, from May 7th to July 31st—for which he paid $100. When he overstayed, without a further leasing, he became a tenant at will or at sufferance, and at most was only entitled to 30 days' notice to surrender, and this he received.

[3] It was conceded that Lucker had no written authority to act as agent for the landlord; consequently he could not make a lease for five years. Real Property Law, § 245.

Final order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.