STATE EX REL. RANKIN, ATTORNEY GENERAL, APPELLANT, *v.*
MARTIN, RESPONDENT.

(No. 4,956.)

(Submitted November 22, 1922.   Decided December 18, 1922.)

[211 Pac. 210.]

*Appeal and Error—Injunction Pendente Lite—Nonappealable*
*Orders—Moot Questions.*

Appeal and Error—Injunction *Pendente Lite*—Moot Questions.
  1.   Where pending appeal from orders denying an injunction *pen-*
  *dente lite* and dissolving a temporary restraining order the cause
  was tried on its merits and a permanent injunction issued, nothing
  remained for decision but moot questions, of which the supreme court
  does not take cognizance.
Injunction *Pendente Lite*—Nonappealable Orders.
  2.   An appeal does not lie from an order granting or refusing a
  temporary restraining order pending a hearing on an order to show
  cause.

*Appeals from District Court, Valley County, in the Fifteenth*
*Judicial District; C. W. Pomeroy, Judge of the Eleventh Dis-*
*trict, presiding.*

ACTION by the State of Montana on the relation of Welling-
ton D. Rankin, Attorney-General, against Frank H. Martin, in
which application was made for a temporary restraining order
pending the hearing to show cause.   From an order denying
an injunction *pendente lite,* and one dissolving the restraining
order, plaintiff appeals.   Affirmed.

*Mr. Wellington D. Rankin,* Attorney General, *Mr. Lincoln*
*Working* and *Messrs. Norris, Hurd, Rhoades & Hallett,* for
Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the
cause orally.

*Messrs. Dignan & Shea* and *Mr. George W. Farr,* for Re-
spondent, submitted a brief; *Mr. James T. Shea* argued the
cause orally.

MR. COMMISSIONER FORD prepared the opinion for the court.

This is a civil action, brought in the name of the state of Montana by the Attorney General, for the purpose of having vacated and made void a ferry franchise or charter granted by the board of county commissioners of Valley county, Montana, to the defendant Frank H. Martin, to operate a ferry at what is known as the Lismus ferry crossing on the Missouri River between the counties of Valley and Garfield. At the time the action was commenced the plaintiff did not ask for an injunction or restraining order, but thereafter filed affidavits and applied for an order to show cause why a permenant injunction should not issue, and for a temporary restraining order pending the hearing on the order to show cause. An order to show cause, coupled with a restraining order, was thereupon issued, and on August 30, 1921, a hearing was had on the order to show cause, and the trial court denied the application for an injunction *pendente lite,* and dissolved the restraining order. The plaintiff appeals both from the order denying the injunction *pendente lite* and from the order dissolving the restraining order.

During the argument of this case in this court, counsel for **[1]** plaintiff stated in open court that, since these appeals were perfected, the above-entitled cause was tried upon its merits, and a permanent injunction issued, and the franchise forfeited. There is therefore nothing but a moot question left for this court to decide.

This court has heretofore held that no appeal lies from an **[2]** order granting or refusing a temporary restraining order, pending a hearing upon an order to show cause. (*Wetzstein* v. *Boston & M. C. C. & S. M. Co.,* 25 Mont. 135, 139, 63 Pac. 1043.)

For the above reasons only, we recommend that the order refusing an injunction *pendente lite* be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the order refusing an injunction *pendente lite* is affirmed.

*Affirmed.*