STATE EX REL. ST. GEORGE, RELATRIX, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,254.)

(Submitted November 30, 1927. Decided January 11, 1928.)

[263 Pac. 97.]

*Certiorari—Appeal—Remittitur to District Court—Extent of Jurisdiction of District Court in Obeying Order of Supreme Court.*

Appeal—Duty of District Court to Enter Judgment as Directed by Supreme Court Without Amendment.
  1. When the supreme court on appeal directs the district court to enter a particular judgment in the cause, any judgment different from that directed to be entered is void, the latter court being without discretion in the matter and without power to either enlarge or narrow the scope of the judgment directed to be entered.

Same—Lack of Jurisdiction in District Court to Enter Judgment Other Than as Directed in Remittitur of Supreme Court.
  2. Under the above rule, *held,* on application for writ of review, that where on appeal from an order quashing an alternative writ of prohibition directed to a justice of the peace and asked for on the ground that the summons and service thereof were void, the supreme court reversed the order appealed from and ordered the district court to reinstate the writ prohibiting the justice from taking further proceedings in the action pending before him and to make it peremptory and permanent, the lower court was without jurisdiction to amend its judgment entered in pursuance of the mandate of the supreme court by inserting a clause to the effect that it was without prejudice to the right of the justice to entertain further proceedings in the action in question after obtaining jurisdiction by issuance and service of proper summons.

---

1. See 2 Cal. Jur. 1051; 2 R. C. L. 289.

Same—Remittitur from Supreme Court to District Court—Extent of Jurisdiction of Lower Court.

3.   The stereotyped clause in a remittitur from the supreme court to a district court "that such further proceedings be had in said cause as, according to justice and the laws of the state of Montana, ought to be had" have reference to such further proceedings as may be necessary to carry its specific mandate into effect, and does not contemplate the exercise of any other jurisdiction.

---

[1–3]   Appeal and Error, 4 C. J., sec. 3264, p. 1212, n. 54, p. 1213, n. 76 New; sec. 3271, p. 1221, n. 58; sec. 3291, p. 1233, n. 84; sec. 3306, p. 1243, n. 69.   Prohibition, 32 Cyc., p. 631, n. 11.

Original application by the State, at the relation of Albina St. George, for certiorari to be directed to the District Court of the Second Judicial District of Montana, in and for Silver Bow County, and the Honorable George Bourquin, Judge, to review a *nunc pro tunc* order of respondent.   Order annulled.

*Messrs. Maury & Brown,* for Relatrix, submitted a brief; *Mr. H. Lowndes Maury* argued the cause orally.

*Mr. Timothy Nolan* and *Mr. Harlow Pease,* for Respondents, submitted a brief; *Mr. Pease* argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an original proceeding—application for writ of review.

In justice court of Silver Bow Township, Silver Bow County, before John J. McNamara, justice of the peace, one Boucher filed a complaint, in an action in unlawful detainer, against Albina St. George, relatrix herein.   A summons in the action, directed to the defendant therein, was issued and served.

Thereupon, Albina St. George, the defendant therein, filed in the district court of Silver Bow County her affidavit, setting forth the facts of the institution of the action in justice court and the issuance and service of summons in the action, and made application for the issuance of an alternative writ of prohibition, to be directed to the justice court and the justice of the peace, commanding them to desist from

**any** further proceedings in the action until further order of the district court and to show cause why they should not be restrained permanently therefrom. The application was based upon the contention that the summons and the service thereof were void and invalid and that the justice court and the justice of the peace threatened to and, unless restrained, would enter a default and render a judgment against the defendant in the action. Facts were alleged to support the contention.

An alternative writ of prohibition was issued, as prayed for, and served. On the return day, the parties to whom directed, the justice court and the justice of the peace, by counsel appeared in the district court and, upon their motion, the writ was quashed. Albina St. George immediately appealed to this court and the cause was heard here and by this court was decided in favor of Albina St. George, the relatrix therein. The opinion of this court reversed the district court's order quashing the writ of prohibition and remanded the cause, with directions to the district court to reinstate the writ of prohibition and to make it peremptory and permanent. (*State ex rel. St. George* v. *Justice Court,* 80 Mont. 53, 257 Pac. 1034.)

Remittitur issued. The remittitur directed the district court "to reinstate the writ of prohibition and to make it peremptory and permanent"; and concluded by commanding "that such further proceedings be had in said cause as, according to right and justice and the laws of the State of Montana, ought to be had, not inconsistent with the opinion hereto attached."

November 16, 1927, Albina St. George, as relatrix herein, filed in this court her verified petition for a writ of review, to be directed to the district court of the second judicial district of the State of Montana, in and for the county of Silver Bow, and the Honorable George Bourquin, Judge thereof, defendants and respondents herein, commanding them to certify to this court the record of their acts, on and after September 6, 1927, in cause No. 29,819 of the files of that court, being the cause in which was issued the alternative writ of

prohibition to which we have referred, *State ex rel. St. George v. Justice Court,* supra.

The petition alleges the issuance of and sets forth the remittitur in that cause and alleges that it was filed with the clerk of the district court, September 6, 1927. The petition alleges further that, on that day, in the district court, Honorable George Bourquin, presiding, there was given and made, in that cause, a certain judgment, which is set forth in full in the petition. As set forth, the judgment, after reciting the receipt and the nature of the remittitur to which we have referred, says: "Now, therefore, the court being fully advised in the premises and the law, it is ordered, adjudged and decreed and this does order, adjudge and decree that the writ of prohibition heretofore issued in this cause be and the same is hereby reinstated and of full force and effect and the same is hereby made peremptory and permanent."

The petition alleges further that, September 10, 1927, counsel for the defendants, the justice court and the justice of the peace, in the action in which the remittitur issued, filed in and presented to the district court a motion, as follows:

"Now comes the defendant and respondent herein and moves the court that the order and judgment made by this court subsequent to and pursuant to the remittitur filed herein be modified as follows, to wit: By inserting therein the following language in words or substance: 'This order and judgment is without prejudice to the right of the respondent and defendant to take and entertain further proceedings in said cause now pending before him, according to law, after jurisdiction of the person of the defendant, Albina St. George, shall have been obtained by the issuance and service of a valid alias summons in said cause'; and that such modification be entered *nunc pro tunc* as of the date of the judgment hereby sought to be modified."

The petition recites that the motion stated it was made on certain specified grounds and the petition quotes the grounds specified.

The petition alleges further that at the hearing of the motion, in the district court, the day the motion was filed, September 10, 1927, Albina St. George appeared by counsel and announced that she did not consent to any modification of the judgment and took no further part in the proceedings; that, thereafter and on November 12, 1927, the district court, Honorable George Bourquin presiding, in the action in which the motion was filed, made and placed on the records of the court a certain order, as follows: "This day the motion of the respondents to modify the judgment entered upon the remittitur from the supreme court of the State of Montana, heretofore by the court taken under advisement, is by the court granted and ordered entered *nunc pro tunc* as of September 6, 1927; to which ruling of the court H. L. Maury, Esq., counsel for the relator herein, duly excepted."

The petition alleges further that the order recited is void and that there is no appeal therefrom. It prays for a writ of review and that, upon hearing, the order complained of be annulled.

The writ issued, requiring respondents to certify to this court, November 30, 1927, a transcript of the record and all proceedings involved, and service was had. On the return day, due return was made, setting forth the record of all proceedings to be reviewed. On that day, the relatrix and the respondents appeared by their respective counsel and the cause was argued and submitted. Briefs were filed by the respective counsel.

No objection was made to the allegations of the petition. The petition was not attacked. There was no motion to quash or dismiss the writ. The allegation that relatrix had no right of appeal was not denied, disputed or in any way challenged. It is not contested and no issue thereon is raised.

It is the *nunc pro tunc* order, of November 12, 1927, of the district court which is complained of and which is in issue here. Counsel for relatrix claim it is null, void and in excess of the court's jurisdiction. They contend it was the simple duty of the district court to enter judgment as it did, Sep-

tember 6, 1927, in accordance with the plain mandate of this court, as set forth in the remittitur, and that it had no power to do more. Counsel for respondents claim the *nunc pro tunc* order is within the court's jurisdiction and is necessary and proper. They contend the modification of the district court's judgment, by the *nunc pro tunc* order, was justified and made necessary by that portion of the remittitur which says: ''You, therefore, are hereby commanded that such further proceedings be had in said cause as, according to right and justice and the laws of the State of Montana, ought to be had, not inconsistent with the opinion hereto attached.''

The grounds of the motion made for the *nunc pro tunc* order, as stated in connection with the motion and set forth in full in the record, are two in number.

The first thereof, briefly stated, is that the judgment, as entered, was too broad in scope, in that it prohibited respondents from taking or entertaining proceedings in future upon an alias summons, not issued at the time of the application for a writ of prohibition to stay proceedings of the justice court in the unlawful detainer action, whereas it was the intention of this court to prohibit the justice court from taking any further proceedings in that action only on the original summons which was held invalid as to the service thereof and the judgment of the district court should have so stated.

The second ground, briefly stated, recites that there is still pending in the justice court the unlawful detainer action; that the justice of the peace has, in advance of the filing of the remittitur from this court, vacated the judgment against Albina St. George, in obedience to the decision of this court, and has, within power and jurisdiction by statute given him, issued an alias summons, which has been served; that it is the duty of the justice court to proceed regularly with the unlawful detainer action until such time as it may be lawfully restrained; that all of such proceedings were had subsequent to the decision of this court and are unaffected thereby.

Counsel for respondents herein argue that the judgment of the district court, entered September 6, 1927, according to the mandate of this court, forever prohibited the justice court from taking any further proceedings in the unlawful detainer action, whether under the original summons, held invalid as to its service, or under an alias summons or in any event or at all; that the entire case was blocked thereby and put at a standstill forever. They argue further that a modification of the judgment was necessary, in order to enable the justice of the peace to issue an alias summons within the time allowed by law and to proceed thereunder, and they say the closing paragraph of the remittitur in the prohibition case about further proceedings permitted it. In that, we think counsel mistaken.

The opinion of this court in cause No. 29,819, district court files, the prohibition case, was rendered July 7, 1927. It appears remittitur issued and was sent to the clerk of the district court, August 30; that it was filed in that court, September 6, and the judgment thereon of the district court was rendered and entered that day.

From what we are able to glean from the record before us (the return of respondents herein) and from the briefs of counsel, it appears that a judgment in the unlawful detainer action was rendered by the justice court; just when does not appear. It appears further therefrom that, between July 7 (date of decision by this court of the prohibition case) and September 6 (date of entry of judgment by district court), an alias summons in the unlawful detainer action was issued by the justice of the peace and was served. Counsel for respondents herein, in their brief, say that "without waiting for the remittitur to come down" the justice of the peace vacated the justice court judgment which had been entered upon the original summons and issued and had served the alias summons. Thus it appears that the judgment was vacated after July 7 but before the remittitur went down, followed immediately by issuance and service of the alias summons. In the second ground given in support their motion to modify the dis-

trict court's judgment, as shown by the record, counsel for respondents say the justice of the peace did those things "in obedience to the decision of the supreme court." Nowhere, however, does it appear that this court ever ordered the justice of the peace to do anything or ever issued any mandate to him or his court.

After the taking of appeal (which appears to have been done immediately) from the district court's order quashing the writ of prohibition issued, in the prohibition case, to the justice court and the justice of the peace and until the judgment of the district court, in that case, was rendered, September 6, in accordance with the mandate of this court to the district court, without deciding, we say it is not apparent what right the justice court or the justice of the peace had to render a judgment or issue an alias summons or to do anything further at all in the unlawful detainer action. They had been commanded by the writ of prohibition to desist and refrain from any further proceedings in that action until the further order of the district court. Again, without deciding, we say we know of no right the justice court or the justice of the peace had to anticipate a decision of this court or to rely upon rumor or report of any kind in regard thereto and to proceed to take steps in supposed conformity therewith, before the taking of action (based on a remittitur) in the premises by the district court, empowering the justice court and the justice of the peace to proceed with or ordering them further to refrain from action in the premises.

When this court directs the entry, in a district court, of a **[1-3]** particular judgment, that precise judgment and none other should be entered. (Hayne on New Trial and Appeal, 1st ed., 901 et seq.) Any judgment entered, different from that directed to be entered, is void; the lower court has no discretion in the matter. (2 Spelling on New Trial and Appellate Procedure, 1558; *Montana Lumber & Mfg. Co.* v. *Obelisk Mining & Con. Co.*, 16 Mont. 117, 40 Pac. 145; *State ex rel. United States Fidelity & Guaranty Co.* v. *District*

*Court,* 77 Mont. 594, 251 Pac. 1061.)    A district court cannot
modify the judgment of this court so as either to enlarge or
narrow its scope.    (*State ex rel. Boston & Montana Con.
Copper & Silver Min. Co.* v. *District Court,* 32 Mont. 20, 79
Pac. 410.)    In the case last cited, speaking of the district
court, the opinion says: "From no point of view had the court
the power to make any order in the premises."

The opinion of this court and the remittitur issued thereon,
in *State ex rel. St. George* v. *Justice Court,* supra, the prohi-
bition case, commanded the district court "to reinstate the
writ of prohibition and to make it peremptory and perma-
nent." There is nothing ambiguous about that mandate.
The duty of the district court was plain and simple. It was
to enter the judgment it entered September 6; nothing more
nor less.    On that day it did its whole duty, all it was com-
manded to do.    There was no cause or occasion for it to make
its *nunc pro tunc* order.

Counsel for respondents rely, for justification, upon the
closing sentence of the remittitur, usual in such remittiturs,
commanding that such further proceedings be had as, accord-
ing to right and justice and the laws of the State of Montana,
ought to be had, not inconsistent with the opinion of this
court.    In the case last cited herein, the opinion of this court
says: "On receiving the mandate from this court, the district
court must determine all questions of law or fact which neces-
sarily arise in the proceedings to carry the judgment into
execution under the specific directions given by this court.
The language contained in the mandate 'that such further
proceedings be had in said case as, according to right and
justice and the laws of the State of Montana, ought to be had'
has reference to such further proceedings as may be necessary
in this regard and does not grant or contemplate the exercise
of any other jurisdiction in the case."

The mandate to take such further proceedings as ought to
be had, in the remittitur in the prohibition case, meant only
such further proceedings as necessary to prevent the justice

court from doing anything more under the original summons and not further proceedings to enable the justice court to issue an alias summons and start anew, something not involved and something with which neither the district court nor this court properly can have anything to do until litigation in relation thereto, upon proper issues, may reach the district court and, in turn, this court.

The mandate of this court did not need any explanation or guarding. It referred to a writ of prohibition which forbade further proceedings in a certain case under a summons, the service of which had been held invalid. It did not forbid the issuance of an alias summons, within the time allowed by law, and proceeding thereunder. The writ of prohibition did not forbid forever any and all proceedings in the unlawful detainer action but only further proceeding under circumstances as they existed at the time the writ was issued.

The case cited by counsel for respondents, *Sharkey* v. *City of Butte,* 52 Mont. 16, 155 Pac. 266, does not support their contention. The opinion says: ''The decree entered by the trial court perpetually enjoins the city, its officers and agents, from assuming or exercising jurisdiction over the persons or property within this territory. The words 'in virtue of this proceeding' or their equivalent should have been added; but when the decree is construed in the light of the pleadings, as it must be, it cannot be held to mean more than if limiting terms had been employed. The error is more apparent than real and, harmless in any event.''

That authority says a decree must be construed in the light of the pleadings. The pleadings in the prohibition case, *State ex rel. St. George* v. *Justice Court,* supra, incorporated in the record before us, clearly show that it was sought only to prohibit any further proceeding by the justice court in the unlawful detainer action as it then stood, i. e., under invalid service of summons. There was no hint of any desire to prohibit any lawful action in future. The writ of prohibition issued commanded the justice court to desist from further proceed-

ings until the further order of the district court. That further order was made September 6, 1927. In the light of the pleadings and issues, it made permanent the writ of prohibition only as to the suspended proceedings in the unlawful detainer action under invalid service. There was nothing in the judgment to prevent issuance thereafter of an alias summons and proceeding aright. The justice of the peace had a right thereafter to issue an alias summons and proceed under it and needed no assurance thereunto or authority therefor from the district court.

We are at a loss to understand why the district court made its *nunc pro tunc* order or why it was desired, unless it was intended to relate to and, in some way, give support or validity to the acts of the justice court done between July 7 and September 6. If that was the purpose, it was not proper. If those acts of the justice court were valid, they needed no validating; if they were invalid, no *nunc pro tunc* order in excess of jurisdiction could validate them.

In any event, in our opinion, the *nunc pro tunc* order of the district court was beyond the scope of its authority, in excess of its jurisdiction, null and void; and it is so held. It is ordered that the order of the district court complained of, that of November 12, 1927, made *nunc pro tunc* as of September 6, 1927, in Cause No. 29819, district court files, *State ex rel. St. George* v. *Justice Court,* supra, be and it is annulled and held for naught.

*Order annulled.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.