STATE ex rel. ST. GEORGE, Appellant, v. JUSTICE COURT OF SILVER BOW TOWNSHIP et al., Respondents.

(No. 6,380.)

(Submitted January 12, 1929. Decided February 11, 1929.)

[274 Pac. 495.]

*Messrs. Maury, Brown & Maury,* for Appellant, submitted a brief; *Mr. R. Lewis Brown* argued the cause orally.

*Mr. Timothy Nolan* and *Mr. Harlow Pease,* for Respondents, submitted a brief; *Mr. Thomas J. Walker,* of counsel, argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In the briefs there is much "argument about it and about," but, cut down to the core, this proceeding arose out of an

attempt to restrain by writ of prohibition a justice of the peace from proceeding further in an unlawful detainer action in which he had issued an alias summons, the original summons having been declared void in *State ex rel. St. George* v. *Justice Court*, 80 Mont. 53, 257 Pac. 1034. In that proceeding the remittitur was filed with the clerk of the district court on September 6, 1927, and on that day the district court issued the writ of prohibition as it was commanded.

In the meantime the justice of the peace had rendered judgment against the defendant. On September 2, 1927, being apprised in some manner of the order of this court, the justice of the peace set aside the judgment which he had entered on the void summons (but that was needless; the judgment fell with the summons), and issued an alias summons directed to the defendant. The summons having been served, defendant appeared specially by motion to quash on the ground that the justice's court was without jurisdiction to issue it and that the summons was void. While this motion was pending the district court assumed to amend the judgment which it had entered on September 6th pursuant to the remittitur, as a result of which defendant made application for the issuance of a writ of review. The story of that proceeding is told in *State ex rel. St. George* v. *District Court*, 81 Mont. 300, 263 Pac. 97.

The motion to quash the alias summons came on for hearing January 24, 1928, and after argument by counsel the court took the matter under advisement. On February 11th the motion was denied. February 14, 1928, defendant applied to the district court of Silver Bow county for the issuance of an alternative writ of prohibition directed to the justice's court and the justice of the peace restraining proceedings in the action until the further order of the district court. The court issued the alternative writ prayed for. The respondents answered and thereafter, upon hearing, the district court denied the application for the writ and ordered the proceeding dis-

missed. Judgment was entered accordingly and from that judgment this appeal is prosecuted.

The principal ground relied upon by relatrix to warrant the writ is that the justice of the peace was without jurisdiction to issue the alias summons. It is true that in the application for the writ relatrix pleaded that there was an action pending in the district court of the second judicial district covering the same matter. But the jurisdiction of the justice's court was not affected in any way by that fact.

The respondents, the justice's court and the justice of the peace, have moved to dismiss the appeal upon the ground that the controversy brought here on appeal has become moot by reason of the fact that the relatrix, defendant in the justice's court action, after the hearing was had upon the application for the writ of prohibition, waived the issuance of service of summons in the justice's court action. From the certified papers supporting the motion it is seen that in the unlawful detainer action, after the motion to quash the alias summons had been denied, the defendant, relatrix herein, filed an answer to the complaint on May 22, 1928, and at the same time filed an affidavit disqualifying John J. McNamara, the justice of the peace. That was the day the district court made and filed its order denying the writ of prohibition. On May 25th the action was transferred to the justice's court of Louis A. Buckley, a justice of the peace of Silver Bow Township.

In the answer the defendant, relatrix herein "not appearing voluntarily, but alleging and asserting that the court has no jurisdiction over her or over her person, and is without jurisdiction to try said cause, and subject to her objections that the court has no jurisdiction to try said cause," as she alleged, answered the complaint upon the merits. On June 4, 1928, relatrix filed and served notice of appeal from the judgment of the district court denying the writ of prohibition and on the same day filed the requisite undertaking. On the next day, June 5th, she filed an amended answer in the action in the justice's court, commencing with the same allegation re-

specting the jurisdiction which was interposed in the original answer, and again proceeded to answer the complaint on the merits, this time setting up two affirmative defenses.

Immediately the cause went to trial. Witnesses were sworn in behalf of plaintiff and also in behalf of defendant. The cause was argued and submitted, and thereafter the court rendered judgment awarding plaintiff possession of the premises in dispute, together with rental found to be due, and damages.

The motion to dismiss the appeal must be sustained. Whether the justice of the peace was warranted in issuing an alias summons in the unlawful detainer action is no longer a subject of debate.

That action was begun on January 8, 1927, by the filing of a complaint. The purported summons issued upon that day was void and was so determined by this court. It was as if no summons had ever been issued.

At any time after the complaint is filed the plaintiff may have summons issued (sec. 9627, Rev. Codes 1921), and the justice may, within a year from the date of filing of the complaint, issue as many alias summonses as may be demanded by the plaintiff. (Sec. 9634, Id.) At any time after the complaint is filed, the defendant may, in writing, or by appearing and pleading, waive the issuing of summons. (Sec. 9628, Id.)

Under the conditions obtaining, the defendant's assertion that she did not appear voluntarily, and her challenge to the court's jurisdiction, was of no avail. If she felt that the alias summons was issued without jurisdiction she should have placed her faith in the remedy afforded by the writ of prohibition and stayed away from the justice's court. That court had jurisdiction on the subject matter—the case was unlawful detainer growing out of the relation of landlord and tenant existing between plaintiff and defendant with respect to the Victoria Hotel in Silver Bow Township—and the only question was as to the jurisdiction of the court over defendant's person. Appearing and answering to the merits she waived all defects in the issuance of the summons, if any there were. She put

herself in the position of one who appears and pleads to the merits without the issuance of summons. She will not be heard to say that she did not appear, when in fact and in law she did appear. She appeared generally, pleaded to the merits. We need not repeat what was said in *Stoffels* v. *Cherry*, 67 Mont. 443, 215 Pac. 1098, in which *Wilcox* v. *Toston State Bank,* 53 Mont. 490, 165 Pac. 292, relied upon by relatrix, was distinguished.

Let the appeal be dismissed.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.