BOUCHER, Appellant, *v.* ST. GEORGE et al., Respondents.

(No. 6,660.)

(Submitted April 26, 1930. Decided July 19, 1930.)

[293 Pac. 315.]

*Messrs. Walker & Walker, Mr. Harlow Pease* and *Mr. Timothy Nolan,* for Appellant, submitted a brief; *Mr. Thomas J. Walker, Mr. Pease* and *Mr. Nolan* argued the cause orally.

*Mr. H. Lowndes Maury* and *Mr. R. Lewis Brown,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

On April 18, 1928, defendant Albina St. George recovered judgment in the district court of Silver Bow county against plaintiff Boucher in the sum of $1,392.67, with interest and costs. The judgment was affirmed. (*St. George* v. *Boucher,* 84 Mont. 158, 274 Pac. 489.)

On June 5, 1928, plaintiff Boucher recovered judgment against defendant St. George in the justice court of Silver Bow township, Silver Bow county, in the sum of $1,350, with costs.

By three proceedings before this court certain questions arising in that action were determined. (*State ex rel. St. George* v. *Justice Court,* 80 Mont. 53, 257 Pac. 1034; *State ex rel. St. George* v. *District Court,* 81 Mont. 300, 263 Pac. 97; *State ex rel. St. George* v. *Justice Court,* 84 Mont. 173, 274 Pac. 495.) Plaintiff also has a cost judgment of $33.30 against defendant because of the proceedings reported in 84 Mont. 173, 274 Pac. 495.

This action was brought in equity to have the judgments in favor of plaintiff offset against that in favor of defendant. The complaint alleges that plaintiff is solvent, the defendant insolvent; that defendant has caused execution to be issued and placed in the hands of the sheriff with directions to seize sufficient property of plaintiff to satisfy her judgment, and that the sheriff, unless restrained, will sell sufficient property of plaintiff to satisfy defendant's judgment, leaving plaintiff remediless to satisfy his judgment. Plaintiff offers to pay to defendant the difference in her favor between her judgment and those of plaintiff. Defendant McLeod defaulted. Hereafter Albina St. George will be referred to as defendant.

Defendant denied her insolvency and questioned the validity of plaintiff's judgment upon the following grounds: First, that the complaint on which it was based did not state facts sufficient to constitute a cause of action for forcible entry or unlawful detainer; second, that the principal sum involved in the action was already adjudicated by being allowed as an offset in the action by defendant against plaintiff (84 Mont. 158, 274 Pac. 489), and that since there was no principal sum due, there was nothing left as the foundation for treble damages. She alleged as a partial defense that her attorneys were entitled to one-half of the proceeds of the judgment in her favor as attorneys' fees. Three affirmative defenses and coun-

terclaims were asserted, but in the view we take of the case, their merits need not be considered. Defendant consented that the judgment in the sum of $33.30 was a proper offset to that extent.

Interveners Maury & Brown, attorneys for Albina St. George, filed a complaint in intervention claiming a lien for attorneys' fees on the judgment in favor of defendant. Answer to the complaint in intervention was filed and issue joined by replies. The cause was tried to the court without a jury. Judgment was entered in favor of defendant. Plaintiff has appealed from the judgment.

The judgment of the trial court recites in substance that the judgment obtained by plaintiff against defendant in the justice court of Silver Bow township in the sum of $1,350 is of no force or effect. Several assignments of error have been made, but if the finding of the trial court that the justice court judgment is of no force is correct, other questions presented become immaterial.

It is contended by defendant that the justice court judgment is of no force or effect because the complaint upon which it was rendered does not state facts sufficient to constitute a cause of action for unlawful detainer, in that it does not allege that the statutory notice of three days was given before commencing the action. The complaint in the justice court action, so far as necessary to be considered, alleged that plaintiff for some months prior to the month of November, 1926, had leased to defendant certain described premises situated in Silver Bow county, and that by the terms of the lease "there was a tenancy from month to month"; that on November 18, 1926, the plaintiff terminated the tenancy by serving upon the defendant the following written notice: "You are hereby notified that the undersigned, the owner of the premises hereinafter described, hereby terminates the relationship of landlord and tenant on the lodging house, also called Victoria Hotel, at 11 East Mercury street, Butte, Montana. You are notified that your tenancy of the premises expires on January 1, 1927. Not later than January 1, 1927, the under-

signed demands that you remove from the premises. Dated Butte, Montana, November 17, 1926. Frank Boucher, Owner and Landlord.'' No further notice was alleged to have been given.

The action in the justice court was brought under subdivision 1 of section 9889, Revised Codes 1921, which provides: ''A tenant of real property or mining claim, for a term less than life, is guilty of unlawful detainer: 1. When he continues in possession, in person or by subtenant, of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of the landlord, or the successor in estate of his landlord, if any there be, but in case of a tenancy at will, it must first be terminated by notice, as prescribed in the Civil Code.'' The Civil Code (sec. 6744, Rev. Codes 1921), to which section 9889 makes reference, provides that a tenancy at will may be terminated by notice to remove from the premises within a period of not less than one month, to be specified in the notice. Section 6745, Id., provides: ''After such notice has been served, and the period specified by such notice has expired, but not before, the landlord may re-enter, or proceed according to law to recover possession.'' And section 6746 provides: ''Whenever the right of re-entry is given to the grantor or lessor in any grant or lease, or otherwise, such re-entry may be made at any time after the right has accrued, upon three days' notice, as provided in the Code of Civil Procedure.''

Our statutory provisions above are identical with the California statutes which were construed in *Martin* v. *Splivalo,* 56 Cal. 128, where it was held that the three days' notice must be given as a condition precedent to the right to maintain the action. The court in that case said: ''Such an action cannot be maintained to recover possession from tenants at will, without first terminating the tenancy by giving at least thirty days' notice in writing, and after the termination of the tenancy, three days' notice in writing to surrender the possession; and these things must be made to appear by express averments in the complaint.'' (See, also, *Smith* v. *Hill,*

63 Cal. 51.) This practice was followed in *Ivory* v. *Brown,* 137 Cal. 603, 70 Pac. 657.

The statutes of this state above referred to having been adopted from California after the supreme court of that state had thus construed them, under the familiar rule often applied by this court, the construction placed upon them will also be followed save under exceptional conditions not present here. (*Esterly* v. *Broadway Garage Co.,* 87 Mont. 64, 285 Pac. 172.)

But it is contended by plaintiff that the three days' notice, ▉ while necessary as a condition precedent to the commencement of an unlawful detainer action in a case involving a tenancy at will, has no application to a tenancy from month to month. Specifically it is contended by plaintiff that since under section 7744 a hiring at a monthly rate is presumed to be for one month, and under section 7745 holding over and accepting rent after the monthly period of the lease raises a presumption that the tenancy is renewed on the same terms and for the same time, it is sufficient to give the notice specified in section 7746, which provides: "A hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in the last section, at the end of the term implied by law, unless one of the parties gives notice to the other of his intention to terminate the same, at least as long before the expiration thereof as the term of the hiring itself, not exceeding one month."

True, the notice specified under section 7746 is all that is necessary to terminate the tenancy. But if the tenancy be one at will, it must, as above noted, be followed by the three days' notice as a condition precedent to the right to commence an action in unlawful detainer.

The determinative question is: Is the tenancy as alleged in the complaint in the justice court one at will?

Under our statutes all estates in real property are classified with respect to the duration of their enjoyment and are either, 1. Estates of inheritance or perpetual estates; 2. Estates for life; 3. Estates for years; or, 4. Estates at will. (Sec. 6723,

Rev. Codes 1921.) Under these statutes there is no such thing as an estate from month to month. We believe our legislature treated a tenancy from month to month as creating an estate at will. This is the clear implication from section 7746, which gives either party the right to terminate the tenancy upon giving the required notice.

The supreme court of Minnesota had before it a statute similar to our section 6723, supra, in the case of *Hunter* v. *Frost*, 47 Minn. 1, 49 N. W. 327. It was there considering the character of an estate created by a tenancy from year to year and particularly as to whether it created an estate for years or an estate at will. The court held that it created a tenancy at will, saying: "But, although it has many of the qualities of a term for years, yet it is, as already remarked, substantially a tenancy at will except that such will cannot be determined by either party without due notice to quit, terminating at the end of the year. (1 Woodf. Landl. & Ten. 219.) For purposes of notice to quit, it is a general tenancy at will. (2 Tayl. Landl. & Ten., sec. 467, and cases cited.) And for purposes of general classification it is treated as a species of tenancy at will, and as properly so as are those tenancies which by implication are held to be for some period less than a year, as from quarter to quarter, or from month to month, where notice to quit is also necessary in order to terminate them; the only difference being as to the length of the notice and the time it should terminate. Notwithstanding what was decided in *Smith* v. *Bell,* supra, we have come to the conclusion, upon fuller examination, that the provisions of Chapter 75, sec. 40, in relation to notices to quit, were intended to apply to all estates which do not terminate themselves without notice, and that for the purposes of such notices a tenancy from year to year is a tenancy at will."

The tenancy involved in the justice court action was what might properly be termed a tenancy at will from month to month. (*Huntington* v. *Parkhurst*, 87 Mich. 38, 24 Am. St. Rep. 146, 49 N. W. 597; 1 Tiffany on Landlord and Tenant, sec. 14.)

Unlawful detainer may not be maintained against a tenant from month to month by giving him the thirty days' notice to terminate the tenancy without also giving the three-day notice required by statute. (*Wagner* v. *Havard,* 87 Cal. App. 310, 262 Pac. 47.)

The case of *Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969, relied upon by plaintiff, is distinguishable in that it involved a tenancy for a fixed term and not one at will.

Plaintiff asserts that the sufficiency of the complaint in the ██ justice court action was adjudicated favorably to him in *State ex rel. St. George* v. *Justice Court,* 84 Mont. 173, 274 Pac. 495. That issue was not presented to the court in that action. The only question there involved was that of jurisdiction over the person of the defendant. But plaintiff contends that in the three prior proceedings before this court, the sufficiency of the complaint might have been litigated and that the decisions are conclusive, not only upon all questions actually litigated and determined but also upon all matters which might have been litigated. That this is the general rule is well settled. (34 C. J. 909.) But that it has no application here is equally apparent. Two of the prior proceedings before this court (80 Mont. 53, 257 Pac. 1034, and 84 Mont. 173, 274 Pac. 495) were in prohibition challenging the jurisdiction of the justice court over the person of the defendant. The writ of prohibition is appropriate only when the lower tribunal is acting without or in excess of its jurisdiction. (Sec. 9861, Rev. Codes 1921.) It does not lie when there is a plain, speedy and adequate remedy at law. (Sec. 9862, Id.)

The sufficiency of the complaint could not have been questioned in this court on prohibition without first exhausting the remedy in the justice court. (*State ex rel. Scollard* v. *District Court,* 47 Mont. 284, 132 Pac. 21.) And defendant could not have questioned the sufficiency of the complaint in the justice court without submitting to the jurisdiction of that court over his person. Defendant had the right to invoke the power of

this court to have determined the question whether the justice court had jurisdiction over his person without challenging the sufficiency of the complaint in the justice court action. The other proceeding (81 Mont. 300, 263 Pac. 97) was in certiorari to question the propriety of the district court's action in making a *nunc pro tunc* order and the sufficiency of the complaint in the justice court action was not, and could not have been, an issue in that proceeding.

Since the judgment is for more than $300 it is in excess of the jurisdiction of the justice court in any action other than for forcible entry and unlawful detainer (sec. 20, Art. VIII, Const. Mont.; *Cashman* v. *Vickers,* 69 Mont. 516, 223 Pac. 897). No contention is made that the action can be sustained as one for forcible entry. The complaint does not state facts sufficient to constitute a cause of action for unlawful detainer for want of showing the proper notice, and, hence, the judgment based thereon is of no force or effect, as properly held by the trial court.

We have not overlooked the statement made in *State ex rel. St. George* v. *Justice Court,* supra (84 Mont. 173, 274 Pac. 495), wherein we said: "The court [referring to the justice court] had jurisdiction of the subject-matter—the case was unlawful detainer growing out of the relation of landlord and tenant existing between plaintiff and defendant with respect to the Victoria Hotel in Silver Bow township—and the only question was as to the jurisdiction of the court over defendant's person." That statement is not in conflict with what we now state. The question of the sufficiency of the complaint in unlawful detainer was not involved in that action.

A justice court is one of inferior jurisdiction and no presumption may be indulged in favor of its jurisdiction. (*Beck* v. *Felenzer,* 69 Mont. 592, 223 Pac. 499; *Layton* v. *Trapp,* 20 Mont. 453, 52 Pac. 208; *State* v. *Lagoni,* 30 Mont. 472, 76 Pac. 1044.) It is only in exceptional cases—forcible entry and unlawful detainer actions—where the court may enter judgment in excess of $300. The docket of a justice court must

show affirmatively all the facts necessary to confer jurisdiction (*State ex rel. Kenyon* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Driscoll* v. *Creighton*, 24 Mont. 140, 60 Pac. 989; *Rowley* v. *Howard*, 23 Cal. 402), and the party asserting rights under a judgment in a justice court must affirmatively show every fact necessary to confer jurisdiction. (*Jarrett* v. *Redman*, 79 Cal. App. 482, 250 Pac. 183.) When, as here, it shows affirmatively that it had no jurisdiction—the complaint not alleging facts entitling plaintiff to maintain an action in unlawful detainer—the judgment is subject to collateral attack. (35 C. J. 685; *Crawford* v. *Pierse*, 56 Mont. 371, 185 Pac. 315.)

The district court properly held that the judgment in plaintiff's favor in the justice court of Silver Bow township is without force or effect and properly entered judgment for defendant.

The judgment is affirmed.

MR. JUSTICE FORD concurs.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument and takes no part in the foregoing decision.

MR. JUSTICE MATTHEWS Concurring Specially: I am of the opinion that our law might well be amended to conform to the idea expressed by my learned associate, Mr. Justice Galen, in his dissenting opinion, but I am convinced that Mr. Justice Angstman's opinion correctly construes our statutes as adopted from California after being interpreted in that state.

Under the authorities, generally, the controlling question in determining whether or not a letting is "at will," is, "Does the contract fix a definite period or term?" "A letting for an indefinite period, by the month" is at will (*Sanford* v. *Johnson*, 24 Minn. 172) and all leasing for an indefinite term, although the rent is payable from year to year or month to month, creates a "tenancy at will." (*Hines* v. *Beach*, 90 Mich. 563, 51 N. W. 644; *Holmes* v. *Wood*, 88 Mich. 435, 50 N. W. 323; *Say* v. *Stoddard*, 27 Ohio St. 478; *Radigan* v.

*Hughes,* 86 Conn. 536, 86 Atl. 220; *Gould* v. *Thompson,* 4 Met. (Mass.) 224; *Whitney* v. *Swett,* 22 N. H. 10, 53 Am. Dec. 228; *Mayo* v. *Claflin,* 93 Vt. 76, 106 Atl. 653; *Lawrence* v. *Goodstein,* 91 Misc. Rep. 19, 154 N. Y. Supp. 229; *Carhart* v. *White, M. & T. Co.,* 122 Tenn. 455, 19 Ann. Cas. 396, 123 S. W. 747; *Byrne* v. *Bearden,* 27 Ga. App. 149, 107 S. E. 782.)

Nor do the statutes cited by Justice Galen aid us, in my opinion. Here we have no holding over after the expiration of the hiring, nor any term "implied by law," other than "by the month." The reason for the rule announced by the California court is that, when the tenancy is at will, the 30-day notice is required to terminate the tenancy and the three-day notice is thereafter necessary as a condition precedent to maintaining the action; this reasoning is in accord with the terms of the statutes construed and we are bound thereby under the rule announced in the majority opinion.

MR. JUSTICE GALEN, Dissenting: I dissent. It appears to me ridiculous to hold that a tenancy from month to month, a definite term fixed by contract, may, under any stretch of the imagination, be classed as a tenancy at will. The notice given in this case was, in my opinion, sufficient and in accordance with the requirements of the statute applicable in such cases. Sections 7745 and 7746, Revised Codes 1921, are controlling. (*Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 143 Pac. 969.) The provisions of these sections are as follows: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the lessor accepts a rent from him, the parties are presumed to have renewed the hiring on the same terms and for the same time, not exceeding one month, when the rent is payable monthly, nor in any case one year." (7745.) "A hiring of real property, for a term not specified by the parties, is deemed to be renewed as stated in the last section, at the end of the term implied by law, unless one of the parties gives notice to the other of his intention to terminate the same, at least as long

before the expiration thereof as the term of the hiring itself, not exceeding one month.'' (7746.)

In my opinion the law was carefully followed in the justice court action and the complaint states a cause of action. The giving of three days' notice has application to cases of forcible entry of premises rather than unlawful detainer. On November 18, 1926, the plaintiff gave a proper notice of the termination of the tenancy, effective on January 1, 1927. In my opinion nothing further was required of the landlord under the law, in the case of a tenancy for a specified term, such as is presented here. In my opinion the complaint states a cause of action, and in equity and justice one judgment should be permitted to offset the other.

Rehearing denied December 4, 1930.