## STATE ex Rel. HAUSWIRTH, Appellant, *v.* BEADLE, Mayor, et al., Respondents.

(No. 6,868.)

(Decided May 12, 1931.)

[300 Pac. 197.]

*Mr. C. F. Huppe, Mr. R. Lewis Brown* and *Mr. H. Lowndes Maury,* for Appellant, submitted a brief.

*Mr. P. E. Geagan, Mr. George W. Howard, Mr. D. M. Kelly* and *Mr. John V. Dwyer,* for Respondents.

Opinion: PER CURIAM.

This is an appeal from a judgment entered upon an order dismissing the application of the relator for a writ of prohibition to restrain the defendants from enacting an ordinance looking to the granting of a franchise to the Montana Power Company, a New Jersey corporation, permitting it to supply natural gas to the inhabitants of the city of Butte.

The proceedings were commenced by relator on November 26, 1930, and an alternative writ of prohibition was issued returnable on the 29th of November, 1930, on which day the defendants filed a motion to quash, which was overruled, and then an answer to the writ and affidavit. Reply was made to the answer, and the cause was set for hearing on its merits on December 6, 1930, upon which date testimony was taken, and thereafter the respective parties filed briefs. On December 27, 1930, the court entered its order finding generally in favor of the defendants and against the relator and ordering judgment in favor of defendants, denying the plaintiff any relief, and dismissing the proceedings. Formal judgment was entered on December 30. No stay of proceedings was asked or granted. The relator simply asked time in which to prepare a bill of exceptions.

On the twenty-first day of January, 1931, the ordinance was enacted by the city council and approved by the mayor on the following day. As has been recited, three weeks prior thereto the district court had decided that the legislative branch of the city government had the right to proceed in the matter, and on the day the ordinance was passed the council was under no restraint whatever, and the mayor likewise was free to act in the matter on the following day. Not until March 12, 1931, did the plaintiff file and serve his notice of appeal from the judgment.

The defendants have moved to dismiss the appeal, principally upon the ground that the case is moot. With this we are constrained to agree.

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board, or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person." (Sec. 9861, Rev. Codes 1921.)

As was said in *State ex rel. Boston & Montana etc. Co.* v. *Second Judicial District Court*, 22 Mont. 220, 56 Pac. 219, 223: "The writ of prohibition is to arrest the proceedings of any tribunal when such proceedings are without or in excess of the jurisdiction of such tribunal. (Code Civ. Proc., sec. 1980.) It is a process by which our court, or any superior court, prevents a district court, or any inferior tribunal, from exercising jurisdiction with which it has not been vested by law. (Spell. Extr. Rel., sec. 1716.) Negative in its manner of operation, its command is, 'You stop doing,' while mandamus positively says, 'You shall do.' It is designated by the statute as 'the counterpart of the writ of mandamus,' but this provision of the Code, considered with the clause which says the writ arrests the proceedings of an inferior tribunal when such proceedings are without, or in excess of, jurisdiction, does not enlarge the class of cases in which the writ could have been resorted to before the statute. 'Counterpart' of mandamus is held not to be the exact reverse or opposite, inasmuch as the limitation of the second clause of the statute, confining the office of the writ to specific uses, shows that the word was used in a sense designed to illustrate the operation of the writ, and not to 'add to the class of cases in which it may be resorted to.' (*Maurer* v. *Mitchell*, 53 Cal. 291.) The character of the writ is therefore not changed by the Code, nor can any question be inquired into except that of jurisdiction in the proceeding inaugurated by it. It is preventive, rather than

remedial, and cannot take the place of an appeal. (*Thomson* v. *Tracy*, 60 N. Y. 31.)"

Nothing would be achieved if we were to reverse the trial court. Under the circumstances the writ of prohibition cannot undo that which has been done.

The question presented is moot. (*State ex rel. Rankin* v. *Martin*, 65 Mont. 323, 211 Pac. 210; *Honstain* v. *Board of County Commrs.*, 52 Mont. 391, 158 Pac. 476; *Chesapeake Western Ry.* v. *Jardine*, 56 App. D. C. 33, 8 Fed. (2d) 794.) This court will not pass on moot questions. (*State ex rel. O'Grady* v. *District Court*, 58 Mont. 695, 198 Pac. 1117; *State ex rel. Rankin* v. *Martin*, supra; *State* v. *Knilans*, 69 Mont. 8, 220 Pac. 91; *State ex rel. St. George* v. *Justice Court*, 84 Mont. 173, 274 Pac. 495.)

Let the appeal be dismissed.