BELL, Respondent, *v.* STATE HIGHWAY COMMISSION,
ET AL., APPELLANTS.
No. 9380.
Submitted May 19, 1954. Decided June 8, 1954.
271 Pac. (2d) 425.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Donald E. Gottwig, Sp. Asst. Atty. Gen., for appellants.

Mr. Edwin S. Booth, Jr., Helena, for respondent.

Mr. Gottwig and Mr. Booth argued orally.

MR. JUSTICE FREEBOURN:

Horace D. Bell, plaintiff and respondent, instituted this action in the district court for the purpose of obtaining a declaratory judgment determining the rights and status of himself and others similarly situated, and those of the Montana state highway commission, defendant and appellant, with relation to the application of class A fees provided for in Chapter 139, Laws of 1953. After hearing, the district court rendered its judgment in favor of Bell and the highway commission appealed therefrom.

The action arises from an amendment, made by the Montana 33rd legislative assembly and known as Chapter 139, Laws of 1953, of section 1 of Chapter 219, Laws of 1951.

The 1953 amendment provides: ''That on motor trucks, trailers, and semitrailers, which shall travel more than 24,000 miles on the highways of the State of Montana within the calendar year, there shall be paid and collected annually a total fee equal to one hundred twenty-five percent (125%) of the fees [set out in Chapter 219, sec. 1, Laws of 1951] provided for in this act, which shall be called the class A fee.''

The issues herein are explained by the written stipulation of the parties wherein they agreed in part:

(a) ''That the plaintiff is the owner and operator of five tractors and 5 trailers which are subject to the payment of gross vehicle weight taxes as provided in Chapter 219, Laws of 1951, and that said vehicles have or will have travelled in excess of

24,000 miles on or over the highways of the State of Montana during the year 1953 and since January 1, 1953.''

(b) ''That plaintiff's vehicles were duly and regularly registered and licensed for the year 1953, and paid the fees required for such licenses, including the fees provided in Chapter 219, Laws of 1951, prior to the 2nd day of March, 1953, the effective date of said Chapter 139, Laws of 1953. That the licenses are issued for the year 1953 and expire on December 31, 1953.''

(c) ''That the defendant highway commission contends that the class A fees for vehicles travelling in excess of 24,000 miles during a calendar year are applicable to all vehicles licensed for the year 1953 which travel in excess of 24,000 miles, whether such vehicles were licensed prior or subsequent to the effective date [March 2, 1953] of Chapter 139, Laws of 1953, providing for such class A fees;'' and that the highway commission has directed that ''class A fees [125 %] shall apply to all vehicles on a mileage of over 24,000 miles, with the mileage to be computed on a calendar year basis from January 1, 1953.''

(d) ''That plaintiff contends that as to his vehicles which were duly and regularly licensed prior to March 2, 1953, he has a valid and an existing license to operate such vehicles on the highways of the State of Montana until the expiration of said licenses on December 31, 1953, and that he is not required to pay any additional fees or make any reports as to mileage until the expiration of said licenses.''

(e) That the highway commission has sent a letter to all county treasurers setting out in part that: ''Court action has been instituted against the Montana State Highway Commission to test the retroactive features of the law in regard to vehicles registered prior to March 2, 1953, and until a decision is reached, please do not accept—25 % fee payment as outlined on Form 8 from the above operators. * * * Please do not confuse registrants after March 2, 1953 with those who registered their vehicles prior to that date, as such operators are required to pay the additional 125 % fees, regardless of the decision on prior registrations.''

(f) The truck owners, by letter from the highway commission dated September 23, 1953, were notified of the pending court action and that: "Since court action has been instituted against the Montana State Highway Commission to test the retroactive features of the law in regard to vehicles registered prior to March 2, 1953, and until a decision is reached, it is requested that you do not make any payments to any County Treasurer * * *".

The judgment of the district court filed October 15, 1953, held: "* * * that Chapter 139, Laws of the Thirty-third Legislative Assembly of the State of Montana, 1953, is not applicable to any vehicle license duly and regularly issued prior to the effective date thereof, and that the owners of vehicles so registered and licensed prior to March 2, 1953 are not required to pay any additional fees for the operation of said vehicles during the year 1953 by reason of the enactment of said Chapter 139, Laws of 1953 * * * [and] that any orders or directives of the State Highway Commission of the State of Montana having for their purpose the application of the provisions of Chapter 139, Laws of 1953, to vehicles licensed prior to March 2, 1953, the effective date of said Chapter, are void, invalid and in excess of the authority of said Commission."

The complaint in this case was filed in the district court on September 19, 1953, and the appeal was argued in this court on May 19, 1954.

Such complaint asked the court to "render a declaratory judgment" as between "plaintiff and all others similarly situated" and the state highway commission.

As shown by the written stipulation, the action was instituted "to test the retroactive features of the law in regard to vehicles registered prior to March 2, 1953," and truck operators who registered their trucks "after March 2, 1953 * * * are required to pay the additional 125 % fees, regardless of the decision on prior registrations." The stipulation shows that the highway commission wrote to the county treasurers directing them to "not accept —25 % fee payments * * * from the above oper-

ators,'' and wrote to such truck operators ''not to make any payments [125%] to any county treasurer,'' until the action was finally decided.

Under the record before us, and since the year 1953 has long passed, the questions presented by this appeal were and are entirely moot.

It is the established law of this state that this court will not pass on moot questions. State ex rel. O'Grady v. District Court, 58 Mont. 695, 198 Pac. 1117; State ex rel. Rankin v. Martin, 65 Mont. 323, 211 Pac. 210; State v. Knilans, 69 Mont. 8, 220 Pac. 91; State ex rel. St. George v. Justice Court, 84 Mont. 173, 274 Pac. 495; State ex rel. Hauswirth v. Beadle, 90 Mont. 24, 300 Pac. 197; Adkins v. City of Livingston, 121 Mont. 528, 194 Pac. (2d) 238.

For the reasons stated the appeal is dismissed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES BOTTOMLY and ANDERSON, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I agree, of course, that this court will not pass on moot questions.

I do not agree that the questions here involved are moot.

The only reason given for holding the questions are moot is that the year 1953 has passed. I know of no reason why, if this court were to hold that Chapter 139, Laws of 1953, was intended to apply to trucks which traveled more than 24,000 miles in 1953 the tax could not be collected even though 1953 has passed. Hence the questions have not become moot.

I think we should pass upon the questions presented on their merits. No useful purpose would be subserved in discussing the merits in this, a minority opinion.