ADKINS ET AL., APPELLANTS, *v.* CITY OF LIVINGSTON,
RESPONDENTS.

No. 8733.

Submitted March 27, 1948.   Decided June 9, 1948.

194 Pac. (2d) 238.

Messrs. Rankin & Acher, of Helena, for appellants. Mr. Acher argued the cause orally.

Mr. A. F. Lamey, of Billings, and Mr. David B. Fitzgerald, of Livingston, for respondents. Mr. Lamey and Mr. Fitzgerald argued the cause orally.

MR. JUSTICE CHOATE delivered the opinion of the court.

This is an appeal from an order denying an injunction pendente lite in an action brought to restrain the city of Livingston from proceeding with the creation of a special improvement district and the levying of assessments against the lands therein.

Following are the facts and circumstances out of which this litigation arose. On October 1, 1945, the city council of the city of Livingston regularly passed and adopted, and the mayor approved, resolution No. 1094, a resolution of intention to create special improvement district No. 144 for the purpose of paving certain streets in said city. Notice of the passage of said resolution was regularly published and it was stated therein that the estimated cost of said improvement would be approximately $110 per lot. Within the time provided by law certain written protests against the creation of the district or the doing of the work therein were delivered to the city clerk. The city council heard and passed upon said protests and, after determining that the same were not made by the owners of more than 40% of the area of the property to be assessed for said improvements, overruled the same and passed resolution No. 1098 creating said improvement district No. 144.

On June 17, 1946, the city ·council (having theretofore called

for bids for the doing of said work) accepted the bid of Mc-Laughlin, Inc. and awarded said firm a contract for the doing of said work on its bid of $56,379.25, which sum was approximately three times the estimated cost of $110 per lot specified in the resolution of intention.

The record discloses that immediately following the award of said contract, McLaughlin, Inc. moved extensive equipment at Livingston valued at $275,000 or more and entered upon the work of said contract and that at time of the hearing on the order to show cause, hereinafter referred to, said contractor had done work and expended money on said contract to the amount of $17,500.

On September 3, 1946, bonds of the district were sold to Brooks Realty Company and have been delivered and paid for.

On August 31, 1946, plaintiff brought this action praying for an order requiring defendants to show cause why they should not be restrained and enjoined pendente lite from constructing the improvements in question, from levying improvement district assessments against the lands within the district, from selling bonds to be paid for from such assessments and from proceeding further under the city's contract with McLaughlin, Inc.

The court ordered the defendants to show cause on September 20, 1946, why the iinjunction pendente lite should not issue. On that day a hearing on the matter was had at which a large amount of testimony was taken, chiefly relating to the legality of the protests which had been made against the creation of the district or the doing of the work therein.

On October 26, 1946, the court denied plaintiff's application for an injunction pendente lite, from which order this appeal is taken. No stay of proceedings was asked or granted pending this appeal and no other attempt was made to preserve the status quo.

It is apparent from the foregoing recitals in the transcript ▮ that when on September 20, 1946, the court took testimony on the order to show cause, the bonds for the payment of the cost of the improvements had already been sold and paid for;

the city had let a contract for the doing of the work, and the contractor had already performed a substantial part of his contract. In addition to the facts which appear in the transcript, other events have transpired subsequent to the hearing on the order to show cause which are material to our present inquiry. These events are shown by affidavits and certificates of the city engineer and city clerk of Livingston and by certified copies of minutes, ordinances and resolutions of the city council of said city, which have been filed by defendants in the office of the Clerk of the Supreme Court. There is no dispute as to the facts shown by these documents and we regard them as properly before us for consideration under the rule stated in 4 C. J. S., Appeal & Error, sec. 40, page 118: ''The appellate court may receive proof or take notice of facts appearing outside the record for the purpose of determining the moot character of a question presented to it.''

Thus it appears that since the order of October 26, 1946, herein appealed from, was made, the following acts which appellants seek to restrain and enjoin have been fully performed and completed: (1) Construction of the street improvements provided for in the plans and specifications within the limits of special improvement district No. 144 has been entirely completed and such construction has been approved and accepted by the city council of the city of Livingston; (2) The city council has by its ordinances and resolutions regularly passed, adopted and approved, levied and assessed the full cost of such improvements against the lands within the limits of said district, and has regularly levied special improvement district assessments in full against said lands; (3) Special improvement district bonds of said district have been regularly sold in the sum necessary to pay the cost of the improvement in said district in full. The purchaser has paid for said bonds and the bonds have been delivered to it; (4) The contract between McLaughlin Inc. and the city of Livingston has been completely performed and executed. All work called for by the contract has been done by the contractor and has been accepted and approved by the city; and the

city has paid the contractor in full for the work done under the contract. The contract has been completely executed by both parties to it.

Questions Presented. The brief and argument of counsel for plaintiffs raise the following major questions on the merits: First, were there sufficient valid protests filed against the creation of the district to divest the city council of authority to create said district under section 5229, Revised Codes of Montana 1935, as amended by Chapter 36, Session Laws 1939; and second, may city officials give notice of the creation of an improvement district in which the estimated cost of improvements is given as $110 a lot and then proceed to let a contract for the doing of said work at a cost of about $300 per lot.

Motion to Dismiss. Defendants have filed a motion to dismiss this appeal on the ground that no actual controversy now exists between the parties as to the matters involved in said appeal and that all such questions are abstract, hypothetical and moot. This motion must be passed upon before any consideration of plaintiffs' contentions on the merits can be had. That every act and thing which plaintiffs sought to enjoin defendants from performing during the pendency of this action has been fully and completely done and performed is beyond question on the face of the record. Many of these acts, the creation of the district, the sale of bonds, letting contract and partial completion of the work, were done before the court's hearing on the order to show cause September 20, 1946. Since that time, as we have above pointed out, all the remaining acts which might or could be done for the completion of the work in special improvement district No. 144 and the levying of assessments for the cost thereof, have been completed and there remains nothing which either this court or the trial court can now do by way of forbidding acts already accomplished.

That this somewhat unusual situation has rendered moot the questions presented on this appeal cannot be doubted and this court has repeatedly held that it will not pass upon moot questions. See State ex rel. Hauswirth v. Beadle, 90 Mont. 24,

300 Pac. 197; and cases cited therein. This rule also finds support in many cases from other jurisdictions. See Hudspeth v. Commonwealth, 204 Ky. 606, 265 S. W. 18; State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 Pac. (2d) 993; United States v. Hamburg Amerikanische etc., 239 U. S. 466, 36 S. Ct. 212, 60 L. Ed. 387; Londoner v. City of Denver, 52 Colo. 15, 119 Pac. 156.

Appellants' complaint is strictly one for injunctive relief and it is settled that injunction will not lie to prevent an act already committed. State ex rel. Tillman v. District Court, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376. See also Iverson v. Dilno, 44 Mont. 270, 119 Pac. 719; Hauswirth v. Beadle, supra, and Edwards v. City of Reno, 45 Nev. 135, 198 Pac. 1090. The latter was a case almost identical with ours in which the court held that the record presented only a moot question, quoting with approval the following general rule from High on Injunctions, 4th Ed., section 1701a: ''Where an appeal is taken from an order dissolving or denying a preliminary injunction or dismissing the bill, and, pending the appeal, the act sought to be restrained has been accomplished, that fact, upon being brought to the attention of the reviewing court by motion supported by affidavit affords sufficient ground for dismissing the appeal, the dismissal being without prejudice.''

It is with some reluctance that we have reached the conclusion that defendants' motion to dismiss must be granted since nothing now remains upon which injunction or restraining order can operate and a reversal of the trial court's order denying the injunction pendente lite would, on the facts presented, be an idle and useless act since we cannot enjoin the doing of that which has been done.

This disposal of the instant case will not prevent determination of the validity of the improvement district in other suitable action. In fact, we understand that two owners of property in the district have already paid their assessments under protest and have brought action to recover same, in which action the

534

contentions here made may properly be presented and adjudicated.

Defendants' motion to dismiss this appeal is granted.

Mr. Chief Justice Adair and Associate Justices Angstman and Metcalf and the Honorable William Taylor, District Judge, sitting in place of Mr. Justice Gibson, disqualified, concur.