No. 85-512

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

RONALD D. BAKER and ANDREA D.
BAKER,

Plaintiffs and Appellants,

-vs-

GERALDINE BINK, and the Mill Levy
for SCHOOL DISTRICT NO. 97,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alexander & Baucus; Ward E. Taleff, Great Falls,
Montana

For Respondent:

Jardine, Stephenson, Blewett & Weaver; Lon T. Holden,
Great Falls, Montana
Patrick L. Paul, County Attorney, Great Falls, Montana

Submitted on Briefs: July 10, 1986

Decided: October 9, 1986

Filed: OCT 9 - 1986

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Ronald and Andrea Baker appeal an order from the Cascade County District Court denying their petition to invalidate the election and mill levy held in School District No. 97 in April, 1984.

Appellants ask whether it can be said to a mathematical certainty that irregularities in the election had no effect on the election results, while the respondents phrase the issue as one of mootness. We affirm.

On April 3, 1984, an election was held in School District No. 97 in the City of Sun River, Montana. The voters were to select three trustees to the School Board and to approve or disapprove a mill levy. Respondent Geraldine Bink was seeking a one-year term as a trustee and her opponent was Stanley Reeverts. Appellant Ronald Baker was seeking election to a three-year term on the Board.

Bink received 105 votes in the election to Reevert's 97, for an eight vote margin of victory. The mill levy was approved by a similar eight vote margin. Ronald Baker lost his bid for a seat on the Board by 60 votes.

On April 9, 1984, the Bakers filed a complaint with the Cascade County District Court challenging the validity of the entire election. The complaint was dismissed without prejudice on April 23, 1984. On August 20, 1984, the Bakers filed a petition contesting the election of Bink and the passage of the mill levy pursuant to § 13-36-101, MCA. They contended that Bink received illegal votes in the election and gave two reasons for their contention. First, the Bakers argued that several voters did not meet the residency requirements as mandated by Montana law. Second, the Bakers argued that several absentee ballots were tainted due to

2

improper distribution and tabulation of the ballots by election officials.

A trial was held before the District Court on May 13, 1985, one month after Geraldine Bink's one-year term as a school board trustee had expired. The court upheld the election as to both Bink and the mill levy finding that:

(1) no candidate returned as elected participated in the irregularities alleged by the Bakers;

(2) the number of contested votes would not affect the outcome of the elective position sought by Mr. Baker;

(3) there was no evidence that anyone other than the proper person voted on the absentee ballots, nor was there any evidence to show that any absentee ballot envelope had been opened by someone other than the election judges;

(4) that whatever voting irregularities occurred did not stem from any corrupt or illegal purpose but were caused by election officials or third parties and had no effect on the election results.

The School District argues the issue of mootness. We have repeatedly held that we will not pass upon moot questions. Adkins v. City of Livingston (1948), 121 Mont. 528, 194 P.2d 238. In State ex rel. Miller v. Murray (1979), 183 Mont. 499, 503, 600 P.2d 1174, 1176, we stated that "a moot question is one which existed once but because of an event or happening, it has ceased to exist and no longer presents an actual controversy."

The Bakers rely on § 13-36-101, MCA, in their argument. The statute reads as follows:

> An elector may contest the right of any
> person to any nomination or election to
> public office for which the elector has
> the right to vote, for any of the
> following causes:

3

(1) on the ground of a deliberate, serious, and material violation of any provision of the law relating to nominations or elections;

(2) whenever the person whose right is contested was not, at the time of the election, eligible to such office;

(3) on account of illegal votes or an erroneous or fraudulent count or canvass of votes.

The remedy in the event illegal votes have been counted is stated in § 13-36-212, MCA:

If, in any case of a contest on the ground of illegal votes, it appears that a person other than the one returned has the highest number of legal votes after the illegal votes have been eliminated, the court must declare such person nominated or elected, as the case may be.

We believe that questions as to the validity of the election are moot. Our reasoning is that due to the passage of time, an actual controversy no longer exists and no remedy for the situation is possible. Mrs. Bink's one-year term of office expired in May 1985 and therefore, she cannot be ousted from an office she no longer holds.

As to the sufficiency of the evidence, appellants did not prove to the District Court's satisfaction that illegal or fraudulent votes had been tallied. We discussed the burden of proof in an election contest in Martin v. State Highway Commission (1939), 107 Mont. 603, 614, 88 P.2d 41, 47.

"It is a rule of well-nigh uniform recognition that, after an election has been held, a party will not be permitted to challenge it unless he can show that a different result would have been reached but for the conditions of which he complains."

The Bakers, neither of whom testified at trial, were unable to prove that Bink had received any illegal votes or was involved in any election irregularities. Honest mistakes

4

of public officials should not be permitted to disenfranchise duly qualified electors. State ex rel. Van Horn v. Lyon (1946), 119 Mont. 212, 173 P.2d 891. It is admitted that the election officials could have been more prudent in following the procedure for absentee voting. Evidence was presented that several ballots were distributed to acquaintances of the absentee voters and that ballots were counted even though the signatures on the absentee application envelopes and the ballots themselves were not in their proper places. However, the number of contested ballots would not have affected the election of the trustee position sought by Mr. Baker since he lost by some 60 votes. Further, the evidence supports the finding that the absentee ballots were opened by the election judges and no one else.

Lastly, we find sufficient evidence to support the District Court's finding that whatever voting irregularities occurred were caused by election officials or third parties and had no effect on Bink's election or the mill levy election.

Affirmed.

_____
Justice

We concur:

_____
_____
_____
_____
Justices

5