No. 98-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 39

SHAMROCK MOTORS, INC.,

Plaintiff and Respondent,

v.

CHRYSLER CORPORATION,

Defendant and Appellant.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James P. Harrington, Attorney at Law, Butte, Montana

Mark F. Kennedy, Gwen J. Young; Wheeler, Trigg & Kennedy,

Denver, Colorado

For Respondent:

James T. Harrison, Jr.; Harrison, Loendorf, Poston & Duncan, Helena,

Montana

Submitted on Briefs: December 30, 1998

Decided: March 2, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

**•1. This is an appeal by Chrysler Corporation (Chrysler) from a judgment of the Montana Second Judicial District Court, Silver Bow County, which reversed the Final Order of the Motor Vehicle Division of the Montana Department of Justice**

(Motor Vehicle Division). The Motor Vehicle Division's Final Order approved Chrysler's termination of its Direct Dealer Agreement (franchise agreement) with Shamrock Motors, Inc. (Shamrock), a former Chrysler, Plymouth and Dodge dealership in Butte, Montana. We reverse the judgment of the District Court on the basis of mootness.

FACTUAL AND PROCEDURAL BACKGROUND

•2. In August, 1994, Chrysler gave Shamrock and the Motor Vehicle Division notice of its intention to terminate its franchise agreement with Shamrock for the reason that Shamrock had engaged in an unauthorized transfer of a majority of the ownership and control of Shamrock to an individual without notice to or consent by Chrysler, in violation of the express terms of the franchise agreement. Invoking the provisions of Title 61, Chapter 4, Part 2, MCA, Shamrock filed a protest with the Motor Vehicle Division. On cross-motions for summary judgment, the Motor Vehicle Division approved Chrysler's termination of the franchise.

•3. Shamrock appealed the Motor Vehicle Division's Final Order to the Second Judicial District Court. Chrysler then removed the matter to the United States District Court. Approximately six months later, Chrysler filed a motion to dismiss Shamrock's Petition for Judicial Review, contending that the appeal had become moot in light of the termination of the franchise pursuant to the Final Order of the Motor Vehicle Division. Without ruling on that motion, the United States District Court reversed the Final Order of the Motor Vehicle Division. Chrysler appealed that decision to the Ninth Circuit Court of Appeals. The Ninth Circuit held that the U.S. District Court lacked subject matter jurisdiction to hear appeals of Montana State agency orders and ordered the matter remanded back to the Montana State court for appellate review. Shamrock Motors, Inc. v. Chrysler Corp. (9th Cir. 1997), 121 F.3d 716 (unpublished disposition).

•4. Shamrock then filed a renewed Petition for Judicial Review with the Second Judicial District Court. In response, Chrysler filed a Motion to Dismiss as Moot and a Motion for Extension of Time to file a brief in response to Shamrock's petition. Relying on its earlier decision in Shamrock Motors, Inc. v. Ford Motor Co., Cause No. 94-C-279 (since reversed by this Court in Shamrock Motors, Inc. v. Ford Motor Co., 1999 MT 21, ___ P.2d ___, ___ St.Rep. ___ ), the District Court reversed the Final Order of the Motor Vehicle Division and did not address Chrysler's motion to

dismiss. The District Court denied Chrysler's subsequent Motion for New Trial and to Alter Judgment. Shamrock thereafter filed a separate suit in state court against Chrysler seeking monetary damages for termination of the franchise agreement. Cause No. DV 98-160, Second Judicial District, Silver Bow County.

## ISSUES

•5. 1. Did the District Court err in failing to dismiss Shamrock's Petition for Judicial Review as being mooted by the termination of the franchise?

•6. 2. Did the District Court deny Chrysler due process of law by ruling on the merits of Shamrock's claim without affording Chrysler an opportunity to be heard?

•7. 3. Did the District Court err in reversing the Motor Vehicle Division's conclusion that there was good cause for Chrysler's termination of Shamrock's franchise under •• 61-4-205(1) and 61-4-207(1)(g), MCA?

## DISCUSSION

•8. We determine that the question of mootness is dispositive. We recently addressed the question of mootness in the companion case of Shamrock Motors, Inc. v. Ford Motor Co., 1999 MT 21, ___ P.2d ___, ___ St.Rep. ___ (hereinafter *Ford*). Ford, like Chrysler, notified Shamrock and the Motor Vehicle Division of its intention to terminate the franchise due to Shamrock's transfer of ownership of a majority of Shamrock's stock to another individual without prior approval or consent of the franchisor, in violation of the franchise agreement. *Ford*,• 1. As it did herein, Shamrock invoked the protections of the Title 61, Chapter 4, Part 2, MCA, and challenged whether or not there was good cause to terminate the franchise. The Motor Vehicle Division held in favor of Ford, finding that there was good cause. Ford stayed implementation of the termination pending judicial review. *Ford*, • 12. However, during the course of the subsequent litigation in state and federal court, which parallels that in the case *sub judice*, Shamrock sold its Ford dealership to Brooks Hanna. Given that there was no longer a franchisor-franchisee relationship existing between Ford and Shamrock, Ford then moved to dismiss the matter as moot. *Ford*, • 13. As in the present case, the District Court, rather than addressing the question of mootness, ruled on the merits of Shamrock's claim and reversed the Motor Vehicle Division's order. *Ford*, • 16.

•9. In *Ford*, we held that mootness is a threshold issue which must be dealt with before addressing the merits of the underlying dispute. *Ford*, • 17 (citing Adkins v. City of Livingston (1948), 121 Mont. 528, 532, 194 P.2d 238, 240). We determined that once Shamrock sold its dealership and ceased being a franchisee, there was no longer a franchise which could be terminated. Thus, relying in part on Turner v. Mountain Engineering and Const., Inc. (1996), 276 Mont. 55, 59, 915 P.2d 799, 803, we concluded that there was no effective relief which either the district court or this Court could grant under Title 61, Chapter 4, Part 2, MCA. *Ford*, •• 19, 22.

•10. The present appeal presents a similar issue in that the franchise relationship between Chrysler and Shamrock ceased to exist prior to Shamrock's petition for judicial review. The difference in this case being that, in *Ford*, Shamrock sold its dealership to a third party while the parties were litigating the initial notice to terminate. In this matter, the franchise was in fact terminated by Chrysler. We turn, then, to the question of whether termination of the Chrysler franchise rendered Shamrock's petition for judicial review moot.

•11. When the Motor Vehicle Division determined in May of 1995 that Chrysler had good cause for terminating the franchise, Chrysler reinstituted the implementation of the 1994 termination proceeding. Shortly thereafter, Shamrock filed separate petitions for judicial review and stay of the Motor Vehicle Division's Final Order in the Second Judicial District Court. The Montana Administrative Procedure Act (MAPA) provides that the filing of a petition for review does "not stay enforcement of the agency's decision." Section 2-4-702(3), MCA. Rather, the agency or the reviewing court may order a stay upon terms that it considers proper following notice and an opportunity for hearing. Section 2-4-702(3), MCA. Shamrock, however, did not take any action to secure an order staying Chrysler's termination and neither the state court nor the United States District Court after removal stayed the Motor Vehicle Division's Final Order. Chrysler then completed the termination process in late 1995, well before the District Court's Order of May 5, 1998.

•12. Shamrock contends that this matter is not moot because it has a separate damage claim pending against Chrysler and, unless this Court upholds the District Court's decision in favor of Shamrock, Chrysler will be in a position to seek dismissal of the damage claim on the basis that the Motor Vehicle Division's decision is the law of the case. As we did in *Ford*, we determine, without expressing any views on the merits of a possible "law of the case" argument in the pending damage suit, that the

issue before us must be resolved in light of the fact that the present proceeding originated when Shamrock invoked the protections of Title 61, Chapter 4, Part 2, MCA. In determining whether or not that matter is now moot, we must determine whether, within the confines of that statutory scheme, effective relief can still be granted. Whether effective relief can be granted in the separate damage claim or whether the Motor Vehicle Division's decision becomes "law of the case" are questions not before us and which we do not address.

•13. We determine that our holding in *Ford* controls the outcome in the present appeal. In both instances, the District Court was being asked to review the Motor Vehicle Division's determination as to whether a notice of intent to terminate was supported by good cause. In *Ford*, the issue was rendered moot because, as of the time of judicial review, the franchise had ceased to exist and the court was therefore powerless to effect any relief in the context of Title 61, Chapter 4, Part 2, MCA. The same situation pertains here. Regardless of whether the situation is attributable to a voluntary act (sale of the dealership) or an involuntary act (termination of the franchise), the end result is the same--the franchise relationship no longer exists.

•14. Section 61-4-205(3), MCA, requires that the franchisor give prior notice of its intention to terminate a franchise. Section 61-4-206(1), (2), MCA, allows the franchisee to file an objection to the proposed termination, which then triggers a hearing before the Motor Vehicle Division to determine whether or not good cause exists to terminate the franchise. Section 61-4-206(8), MCA, allows any party to the hearing to appeal under MAPA. However, "[t]he franchisee agreement must continue in effect until the adjudication by the department on the verified complaint and the exhaustion of all appellate remedies available to the franchisee." Section 61-4-206(9), MCA. The purpose of the statutory scheme in Title 61, Chapter 4, Part 2, MCA, is to maintain the status quo (i.e., to continue the existence of the franchise agreement) until such time as the franchisee has had prior notice and an opportunity to be heard on the question of good cause.

•15. In *Ford*, we concluded:

> Obviously, when Shamrock chose to sell or assign the franchise during the appellate process, the question of whether Ford had good cause to terminate the franchise in the first instance became academic and thus moot. Given the circumstances of the parties at the time of the appeal to District Court, the

District Court was not in a position to restore or maintain the status quo. That is, the court could not maintain or protect Shamrock's status as a franchisee because Shamrock, having sold its franchise to Brooks Hanna, was no longer a franchisee.

*Ford*, • 21.

•**16. In accord with our conclusion in *Ford*, we hold that the District Court erred in not recognizing that, once Shamrock was no longer a franchisee, there was no effective relief under Title 61, Chapter 4, Part 2, MCA, that the court could fashion and, thus, Shamrock's appeal from the Motor Vehicle Division's holding should have been dismissed as moot. Since the question of mootness is dispositive, we need not address the remaining issues raised on appeal.**

•**17. Reversed.**

/S/ W. WILLIAM LEAPHART


We concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.