No. 03-587

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 230

ADVOCATES FOR EDUCATION, INC.,

   Plaintiff and Appellant,

 v.

MONTANA DEPARTMENT OF NATURAL RESOURCES
AND CONSERVATION, MONTANA BOARD OF LAND
COMMISSIONERS AND THE STATE OF MONTANA,

   Defendants and Respondents.

APPEAL FROM: District Court of the Eleventh Judicial District,
      In and for the County of Flathead, Cause No. DV 2002-334(B)
      The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

   Richard C. Hegger, Attorney at Law, Somers, Montana

   For Respondents:

   Honorable Mike McGrath, Montana Attorney General, Candace F. West,
   Assistant Attorney General, Tommy H. Butler, Mark C. Phares, Special
   Assistant Attorneys General, Helena, Montana

       Submitted on Briefs: December 23, 2003

         Decided: August 24, 2004

Filed:

_____
       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 In June of 2002, Advocates for Education (AFE) brought suit, in the Eleventh Judicial District Court, Flathead County, seeking a judicial declaration. The defendants moved to dismiss and the District Court granted the motion. AFE appeals and we affirm.

¶2 We restate the issue on appeal as follows: Whether the District Court correctly dismissed AFE's complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In 1997, litigation between Montanans for the Responsible use of the School Trust (Montrust) and the State of Montana *ex rel* the Board of Land Commissioners (the Board) and the Department of Natural Resources (DNRC) initiated over several issues, including whether § 20-6-621(4), MCA, was constitutional. Section 20-6-621(4), MCA (1997), allowed the Board to "sell, at the appraised value, or lease for any period of time less than 99 years, at an amount of $1 per year, to a [school] district any tract of state land . . . ."

¶4 "[A]ny tract of state land" included school trust lands which Congress had granted to Montana in 1889 under the Federal Omnibus Enabling Act (the Act) for the support of public schools. Montana adopted the terms of the Act in the 1889 Montana Constitution and the provisions were carried over to the 1972 Montana Constitution. Under Montana's constitutional and statutory law, the Board has the authority to manage and administer the school trust lands and DNRC, under the Board's direction, is charged with "the selecting, exchange, classification, appraisal, leasing, management, sale, or other disposition of the state lands." Art. X, Sec. 4, Mont. Const.; §§ 77-1-202 and 301, MCA.

¶5 The Special Assistant Attorney General, and attorney for the DNRC, signed a stipulation with Montrust which stated that if the Board allowed school districts to lease school trust land at less than full market value under § 20-6-621(4), MCA, "that act would be violative of the trust principles mandated by the constitution or enabling act." In April 1998, the First Judicial District Court issued an order stating that § 20-6-621(4), MCA, was unconstitutional in part because leasing school trust lands to some school districts would favor only some of the beneficiaries, not the trust as a whole. Section 72-34-604, MCA.[1]

¶6 In June of 2002, AFE brought a complaint against the DNRC, the Board, and the State, requesting that the District Court issue a declaratory judgment that DNRC unlawfully determined that § 20-6-621(4), MCA, was unconstitutional; that DNRC unlawfully stipulated to the unconstitutionality of § 20-6-621(4), MCA, which was duly enacted by the legislature; and that DNRC has failed to defend the constitutionality of § 20-6-621(4), MCA. AFE also wanted the District Court to declare that "the use of school trust lands for the site of public school buildings . . . is not a disposal of land or an interest in land that requires the payment of full market value, and that the Act, Constitution and other statutes permit the use of school trust lands for the construction of public schools at nominal compensation to the trust."

¶7 The State moved to dismiss the complaint on the basis that no justiciable controversy existed and the complaint alleged no cause of action upon which relief could be granted. The District Court agreed and dismissed the complaint concluding that AFE was not

---

[1] At the time the District Court wrote the order, the statute was numbered § 72-34-104, MCA. It has since been redesignated § 72-34-604.

"entitled to relief under any set of facts which could be proved in support of its claim . . . ." AFE appeals.

## STANDARD OF REVIEW

¶8 The issue of whether the court properly granted a Rule 12(b)(6), M.R.Civ.P. motion to dismiss, presents a question of law. This Court reviews questions of law to determine whether the district court's application or interpretation of the law is correct. *Missoula YWCA v. Allan Bard*, 1999 MT 177, ¶ 3, 295 Mont 260, ¶ 3, 983 P.2d 933, ¶ 3. In reviewing a district court's dismissal for failure to state a claim upon which relief can be granted, we will construe the complaint in the light most favorable to the plaintiff, and all factual allegations are taken as true. *Missoula YWCA*, ¶ 3. This Court will affirm the dismissal only if we find that the plaintiff is not entitled to relief under any set of facts which could be proven in support of the claim. *Missoula YWCA*, ¶ 3.

## DISCUSSION

¶9 *Whether the District Court correctly dismissed AFE's complaint.*

¶10 First, AFE argues that we need to declare that DNRC was wrong when it stipulated that § 20-6-621(4), MCA, violated the Act and the Montana Constitution. AFE maintains that "this relief will allow for the use of trust lands for public school building sites pursuant to general laws enacted to give effect to such disposition." We disagree and determine that the District Court's rationale and order is correct.

¶11 The District Court concluded that any determination that DNRC had "'exceeded its authority and failed in its duty to uphold the legality' . . ." of Montana laws when it

4

stipulated that the statue was unconstitutional, "would have absolutely no bearing on existing rights or interests at issue between the parties in this case, and a judgment from this Court granting the relief sought would not effectively operate to resolve any controversy in this case."

¶12 In determining whether there is a justiciable controversy, we apply a three part test. *Montana-Dak. Util. Co. v. City of Billings*, 2003 MT 332, ¶ 9, 318 Mont. 862, ¶ 9, 80 P.3d 1247, ¶ 9 (citing *Powder River County v. State,* 2002 MT 259, ¶ 101, 312 Mont. 198, ¶ 101, 60 P.3d 357, ¶ 101; *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶¶ 17-19, 293 Mont. 188, ¶¶ 17-19, 974 P.2d 1150, ¶¶ 17-19; *Northfield Ins. v. Ass'n of Counties*, 2000 MT 256, ¶ 12, 301 Mont. 472, ¶ 12, 10 P.3d 813, ¶ 12 ). First, the parties must have existing and genuine rights or interests as distinguished from theoretical rights or interests. *Montana-Dak.*, ¶ 9. Second, "the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion." *Montana-Dak.*, ¶ 9. Third,

> there must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Montana-Dak.*, ¶ 9.

¶13 As the District Court pointed out, any "declaratory judgment would be abstract and theoretical because the claim applies to no specific statute at issue or specific rights of the

5

litigants in *this* case." The only law AFE cites is § 20-6-621(4), MCA, and the Legislature has repealed this statute. Declaring that DNRC was wrong in not supporting the statute will not grant AFE the true relief it seeks--namely, the ability to lease school trust land in Kalispell for a dollar.

¶14 We agree with the District Court and hold that there is no justiciable case or controversy.

¶15 Second, AFE wants us to declare that using school trust lands for public school buildings is not a disposal of land or interest in land under the Act that requires the payment of full market value. Because we hold that there is no justiciable case or controversy, we need not address this argument.

¶16 Accordingly, the District Court correctly granted the motion to dismiss.

¶17 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ JIM RICE