No. 04-697

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 195N

AMANDA M. MATTILA,

        Petitioner and Respondent,

   v.

STANLEY G. DAVIS,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                  In and for the County of Lincoln, Cause No. DV 2004-47,
                  The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Stanley G. Davis (pro se), Troy, Montana

        For Respondent:

                Amanda M. Mattila (pro se), Troy, Montana

Submitted on Briefs:  March 23, 2005

Decided:  August 16, 2005

Filed:

_____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      On February 11, 2003, we entered an order amending Section 1.3 of our 1996 Internal Operating Rules.  The amended Section 1.3(d) provides in relevant part:

> (i) After all briefs have been filed in any appeal, the Supreme Court by unanimous action may, sua sponte, enter an order or memorandum opinion affirming the judgment or order of the trial court for the reason that it is manifest on the face of the briefs and the record that the appeal is without merit because:
> (1) the issues are clearly controlled by settled Montana law or federal law binding upon the states;
> (2) the issues are factual and there clearly is sufficient evidence to support the jury verdict or findings of fact below; or
> (3) the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

We conclude that this is an appropriate case to decide pursuant to our February 11, 2003, order.

¶3      In November of 2003, a Temporary Order of Protection (protective order) was issued by the Troy City Court prohibiting Appellant Stanley G. Davis (Davis) from contacting Respondent Amanda Mattila (Mattila).  Following a hearing, the protective order was extended.  On July 28, 2004, the City Court conducted a hearing to determine if the protective order issued on November 26, 2003, should be dissolved, extended, modified, or amended.  At this hearing Mattila stated that she did not know of any violations of the

protective order and had no objection to its dissolution. The City Court then directed that the protective order be dissolved. Even though the City Court order dissolved the protective order, Davis appealed to the District Court. The District Court dismissed Davis' appeal and Davis appealed to this Court.

¶4 Davis argues in this appeal that a discrepancy exists between the date the City Court represented it would dismiss the protective order and the date the protective order was actually dissolved. He also seems to argue that the protective order should not have been issued in the first place.

¶5 The District Court noted, in dismissing Davis' appeal, that as there is no issue as to whether Davis violated the protective order and the order has been dissolved, Davis could not have suffered any prejudice. We agree.

¶6 Davis also quibbles about the City Court's order of July 29, 2004, wherein it stated:

> The Respondent [Davis] stated that if the Protective Order were dissolved, his intent was to continue to observe the Order as issued on November 26, 2003 on his own volition. The Court advised him that such a decision was up to him.

Regardless of what Davis did or did not say at this hearing, it is undisputed that the protective order is no longer in effect, and thus cannot be enforced against him.

¶7 Davis is essentially seeking to have the protective order vacated. However, he did not timely move the City Court to vacate the order, and now it has been dissolved.

¶8 A matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy. *Shamrock Motors, Inc. v. Ford Motor Co.,* 1999 MT 21, ¶ 19, 293 Mont. 188, ¶ 19, 974 P.2d 1150, ¶ 19. Here, Davis' contentions

concerning the dissolved order are moot because it is no longer in effect.

¶9    We affirm the order of the District Court dismissing Davis' appeal.


/S/ JOHN WARNER


We Concur:


/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE