No. 04-058

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 12

IN THE MATTER OF R.E.A.,

        Respondent.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. BDP 2000-205
                Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Paulette Kohman (argued), Special Assistant Attorney General,
                Department of Public Health and Human Services, Helena, Montana

                Honorable Mike McGrath, Attorney General, Helena, Montana

                Brant S. Light, County Attorney; Marvin Anderson, Deputy County
                Attorney, Great Falls, Montana

        For Respondent:

                Andrée Larose (argued) and Anita Roessman, Staff Attorneys, Montana
                Advocacy Program, Helena, Montana

                Alexandra L. Volkerts, Staff Attorney, Montana Advocacy Program,
                Missoula, Montana

        For Amicus Curiae:

                James P. Reynolds, Helena, Montana (People First of Montana et al.)

                                                Heard and Submitted:  November 3, 2004

                                                Decided:  January 17, 2006

Filed:

                _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      The Department of Public Health and Human Services (DPHHS) appeals the findings of fact, conclusions of law, and order entered in the Eighth Judicial District Court, Cascade County, requiring DPHHS to provide community-based services to R.E.A. and holding § 53-20-132, MCA, unconstitutional.  We dismiss the appeal as moot.

¶2      The following issues are raised on appeal:

¶3      Did the District Court have jurisdiction to act on a motion for declaratory and injunctive relief after R.E.A.was placed in community-based services?

¶4      Did the District Court err in construing § 53-20-132, MCA, as not prohibiting R.E.A.'s placement by court order in community-based services?

¶5      Did the District Court err in holding § 53-20-132, MCA, unconstitutional?

## BACKGROUND

¶6      R.E.A. is an adult male with a developmental disability.  On September 11, 2000, the District Court found R.E.A. to be "seriously developmentally disabled" as defined in § 53-20-102(15), MCA (1999), and committed him involuntarily to the Montana Developmental Center (MDC) for one year.  R.E.A. was recommitted for an additional year, which expired September 11, 2002.

¶7      On August 8, 2002, one month before the end of R.E.A.'s commitment, the Cascade County Attorney filed a petition for recommitment.  The residential facility screening team (RFST), acting pursuant to § 53-20-133, MCA, and under DPHHS's authority, determined R.E.A. was no longer seriously developmentally disabled and on August 20, 2002, referred him for placement in community-based services, though this recommendation was not

2

communicated to the District Court. No further action was taken by any party on the petition for recommitment.

¶8 For nearly thirteen months after the expiration of his final commitment period, R.E.A. remained at MDC, which continued to provide residential care and habilitation services to him. On August 8, 2003, R.E.A. filed a motion for declaratory and injunctive relief requesting an order placing him in community-based services. Later that month, a community-based services facility in Libby, Montana, accepted R.E.A. for placement. On September 5, 2003, the Cascade County Attorney filed a motion to dismiss R.E.A.'s motion for declaratory relief. On October 6, 2003, the District Court received notice that R.E.A. would be discharged from MDC and placed with the facility in Libby on October 8, 2003, and the District Court later found that R.E.A. was placed on that date.

¶9 At hearing, an employee of the Mental Disabilities Board of Visitors testified that out of nineteen MDC residents who had been found not seriously developmentally disabled over the previous few years, five had chosen to leave MDC immediately, while the others remained at MDC while waiting for community placement. On October 31, 2003, the District Court issued an order granting R.E.A.'s motion for declaratory and injunctive relief, ordering his placement in community-based services. The District Court determined that R.E.A. had been held in a *de facto* involuntary commitment at MDC for the thirteen months from the expiration of his last commitment period until his placement in Libby. Further, the District Court concluded that § 53-20-132, MCA, did not prohibit a court from ordering the provision of community-based services and that, alternatively, in the event § 53-20-132,

3

MCA, did prohibit such an order, the statute was unconstitutional because it violated R.E.A.'s rights to due process, dignity, equal protection, and speedy remedy for every injury.

## STANDARD OF REVIEW

¶10     "The standard of review of a district court's findings of fact is whether the findings are clearly erroneous." *Galassi v. Lincoln County Bd. of Comm'rs*, 2003 MT 319, ¶ 7, 318 Mont. 288, ¶ 7, 80 P.3d 84, ¶ 7.  "[W]e review a district court's conclusions of law for correctness."  *Galassi*, ¶ 7.  "When resolution of an issue involves a question of constitutional law, our review is plenary." *State v. Price*, 2002 MT 229, ¶ 27, 311 Mont. 439, ¶ 27, 57 P.3d 42, ¶ 27.

## DISCUSSION

¶11     **Did the District Court have jurisdiction to act on a motion for declaratory and injunctive relief after R.E.A. was placed in community-based services?**

¶12     DPHHS argues that the District Court lost its jurisdiction in this case once R.E.A. was placed with a community-based services facility on October 8, 2003, thus making its order on October 31, 2003, invalid.  Specifically, DPHHS contends that § 53-20-128(8), MCA, required the District Court to dismiss the August 2002 petition for recommitment once R.E.A. was placed in community-based services.  The relevant portion of § 53-20-128(8), MCA (emphasis added) states, "If the resident is placed in community-based services or if the need for developmental disabilities services no longer exists, the court *shall* dismiss the petition."

¶13     R.E.A. responds that the District Court retained jurisdiction "primarily because the court [had] inherent jurisdiction over its orders and to compel obedience with them."  In

4

addition, he argues the District Court had jurisdiction because the District Court had the responsibility of safeguarding R.E.A.'s rights at every stage of the proceedings, R.E.A. had standing to seek a declaratory judgment with respect to the constitutionality of § 53-20-132, MCA, and this matter was not mooted by R.E.A.'s placement with a community-based services facility because the issue was "capable of repetition, yet evading review." *See In Re Mental Health of K.G.F.*, 2001 MT 140, ¶ 20, 306 Mont. 1, ¶ 20, 29 P.3d 485, ¶ 20.

¶14    This matter presents a troubling procedural history in several respects, such as the RFST's failure to file its recommendations with the District Court regarding the August 2002 petition, R.E.A.'s use of a motion to seek declaratory relief, and DPHHS's and Cascade County's failure to move the District Court to dismiss the pending recommitment petition after R.E.A. had been determined to no longer be seriously developmentally disabled. However, we conclude that we need not address these matters and the parties' arguments regarding the District Court's subject matter jurisdiction, or lack thereof, because the issues have been mooted. *See Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, ¶ 19, 974 P.2d 1150, ¶ 19 ("A matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy."); *see also Wilson v. State Highway Comm'n* (1962), 140 Mont. 253, 257, 370 P.2d 486, 488.  Prior to the District Court's order, R.E.A. was placed in the community-based services which he sought, and, at the time of oral argument before this Court, was continuing to receive those services. Further, the Court recently issued an opinion with regard to the ultimate issue herein, the constitutionality of § 53-20-132, MCA, in *In the Matter of T.W.*, 2005 MT 340, ___ Mont. ___, ___ P.3d ___.  Thus, we need not undertake consideration of the issue as one which has

evaded review. Given R.E.A.'s placement and our decision in *T.W.*, this matter is mooted, and the appeal is hereby dismissed.


/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JAMES C. NELSON

/S/ INGRID GUSTAFSON
Honorable Ingrid Gustafson, District Judge,
sitting in place of retired Justice Jim Regnier