ORIGINAL

FILED

09/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0358

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0358

WESTVIEW MOBILE HOME PARK, LLC,

Plaintiff and Appellee,

v.

DAVID LOCKHART AND DOREEN
LOCKHART,

Defendants and Appellants.

FILED

SEP 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Appellee Westview Mobile Home Park, LLC, has moved to dismiss the appeal filed by Appellants David Lockhart and Doreen Lockhart on the grounds that Lockharts failed to effect timely transfer of the District Court record to this Court and that their appeal is moot. Lockharts have responded and oppose dismissal.

Lockharts filed their Notice of Appeal on July 1, 2022, appealing from a ruling of the Fourth Judicial District Court, Missoula County, that affirmed an Order for Possession issued by the Missoula County Justice Court in Westview's favor regarding the Lockharts' rental of a mobile home lot Westview owns and manages. Westview cross-appealed on July 15, 2022, and filed an amended Notice on July 18, 2022, to correct a deficiency in their initial filing. Westview also filed the present motion to dismiss on that date.

The District Court record was filed in this Court on August 24, 2022, and a transcript from a Justice Court hearing was filed on August 26, 2022. Westview alleges that these filings were untimely because Lockharts failed to timely pay the necessary fees to produce the transcript and file the record and this Court should thus dismiss their appeal.

Lockharts deny that any delay in transmittal of the record was caused by any failure to pay necessary fees on their part. They assert that the transmittal was delayed by Westview's filing of its notice of cross-appeal and amended notice of cross-appeal.

M. R. App. P. 9(1) provides inter alia that the record on appeal, including any required transcripts, shall be transmitted to this Court within 40 days after the filing of the notice of appeal but in event of a cross-appeal, within 40 days after the filing of the notice of cross-appeal. Under this Rule, the record and the transcript were timely filed 37 and 39 days, respectively, from the date on which Westview filed its amended notice of cross-appeal. Therefore Westview's argument that the transmittal was untimely is without merit.

We find Westview's mootness argument similarly lacking in merit.

Westview argues that Lockharts' appealable issues are moot because Lockharts have vacated their mobile home and surrendered possession of Westview's lot. Westview asserts that there is no relief this Court could provide to Lockharts on appeal.

In response, Lockharts assert that they did not voluntarily vacate their mobile home, which remains on Westview's lot, but did so only under threat of forcible eviction by law enforcement. Lockharts assert that relief is available to them if they prevail on appeal because this Court could vacate the order of possession, provide relief for unjust enrichment, and eliminate any damage to Lockharts' credit ratings or their ability to enter into future rental agreements.

A matter is moot when, due to an event or happening, the issue has ceased to exist and no longer presents an actual controversy. A question is moot when the court cannot grant effective relief. If the parties cannot be restored to their original position, the appeal becomes moot. *Shamrock Motors, Inc. v. Ford Motor Co.*, 1999 MT 21, ¶ 19, 293 Mont. 188, 974 P.2d 1150 (citations omitted).

Westview argues that the present case is analogous to *Shamrock Motors*. In that case, Shamrock sued Ford after Ford announced its intention to terminate Shamrock's dealership franchise. *Shamrock Motors*, ¶¶ 10-11. During the pendency of the litigation, Shamrock's franchise remained in effect until Shamrock sold its dealership and voluntarily resigned as a Ford dealer. *Shamrock Motors*, ¶ 12. This Court determined that, because Shamrock was no longer a franchisee as it had sold its dealership, there was no effective relief available to it under the applicable statutes and its appeal was therefore moot. *Shamrock Motors*, ¶ 22.

2

The present case is distinguishable. In *Shamrock Motors*, there was no relief available on appeal because Shamrock's franchise had remained in effect throughout the litigation until it sold its dealership to a third party and resigned as a Ford dealer. Here, Lockharts did not sell their mobile home to a third party and "resign" their right to possess the lot. They vacated their mobile home under threat of forcible eviction from the lot upon which it stands. Unlike Shamrock, who would obtain no benefit from a ruling granting it the right to maintain a franchise for a business which it had sold to a third party, Lockharts would have effective relief available to them if they prevail on appeal.

THEREFORE,

IT IS ORDERED that the motion to dismiss is DENIED.

The Clerk is directed to provide a copy of this Order to all parties of record.

DATED this ____ day of September 2022.

_____

_____

_____

_____

_____
Justices

3